**STATE of Tennessee, Appellee,**

v.

**John RICKMAN, Appellant.**

Supreme Court of Tennessee, at Knoxville.

April 11, 1994.

Charles M. Corn, Public Defender, Cleveland, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Christina S. Shevalier, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

ANDERSON, Justice.

■ We granted this appeal to determine whether Tennessee should adopt a "sex crimes" exception to the general rule that evidence of other crimes is not admissible in a criminal prosecution. We conclude that Tennessee should not recognize a "sex crimes" exception to the general rule, but that it has recognized a narrow special rule which admits prior sex crimes into evidence if they are included in the indictment. Because the evidence of prior sex crimes admitted here was not included in the indictment and was wholly independent from the sex crime for which the defendant was indicted, the evidence was inadmissible. The Court of Criminal Appeals' judgment is, therefore, re-

versed and the case is remanded for a new trial.

## BACKGROUND

The defendant, John Rickman was indicted [1] and convicted of statutory rape and incest, based on a charge that he had engaged in sexual intercourse with his stepdaughter on August 11, 1991. At trial, the thirteen-year-old victim testified that the incident occurred while her mother was away from home working an 11:00 p.m. to 7:00 a.m. shift. Police officers learned of the victim's charges on September 6, 1991, and brought Rickman to the police station for questioning. After being informed of his rights and executing a waiver, Rickman gave a statement that he had first had sexual contact with the victim when she was seven or eight years old, and that on the date charged he had "full sexual intercourse" with the victim.

Prior to trial, the defendant moved to suppress the confession, contending it was not voluntary, but was in response to the officers' promises of leniency and threats of retribution. The officers denied making any promises or threats, and the trial court denied the motion to suppress.

The defendant then moved to remove that portion of the confession in which he admitted sexual contact with the victim before the August incident charged in the indictment. The trial court ruled that the State could not use in its case-in-chief the admission of prior sexual contact, but could use the admission for impeachment purposes if Rickman denied having sexual contact with the victim.

At trial, the State introduced the redacted confession, but the trial court allowed the victim to testify during the State's case-in-chief about prior sexual incidents with Rickman on the grounds it was for purposes of corroboration. The victim testified that the sexual contact, including oral sex, had begun when she was about seven years old and progressed over time to full sexual intercourse. She estimated that in all, she had engaged in sexual intercourse with Rickman between twenty and thirty times, and that each encounter occurred while her mother was working on the night shift.

On cross-examination, the victim admitted to various instances of limited sexual contact with individuals other than the defendant. The victim's mother testified that the victim had previously accused others besides Rickman of sexual molestation. One accusation resulted in a trial of the accused man and a verdict of not guilty. The accused man's daughter testified that the victim wanted to leave home and had expressed an intent to frame Rickman to accomplish that purpose. Rickman's sister also testified that she had heard the victim announce an intent to get even with Rickman for requiring her to perform an errand.

The defendant took the stand and completely denied the charges. He testified that he was overwrought and confused at the time he made the confession and confessed only because the officers had promised leniency in exchange for cooperation. The State cross-examined the defendant with that portion of his statement in which he admitted sexual contact with the victim when she was seven or eight years old. They also offered, in rebuttal, the testimony of the officers who denied that they had improperly obtained a confession by promises of leniency in exchange for cooperation.

After the jury convicted Rickman of both statutory rape and incest, he was sentenced as a Range I offender and received an effective three-year sentence. On appeal, the Court of Criminal Appeals affirmed the trial court's denial of the motion to suppress, and specifically held that the evidence of other sex crimes committed against the *same* victim was analogous to "fresh complaint" evidence and admissible for corroboration purposes as an exception to the general rule excluding evidence of other uncharged

---

1. A two-count indictment was returned the first count charging that "on or about the ELEVENTH day of AUGUST, 1991, in Bradley County, Tennessee" the defendant committed statutory rape in violation of Tenn.Code Ann. § 39–13–506. The second count of the indictment charged that "on or about the ELEVENTH day of AUGUST, 1991, in Bradley County, Tennessee," the defendant unlawfully committed the offense of incest. Both counts of the indictment were, therefore, date specific.

crimes. We granted Rickman's appeal primarily to consider the general rule that evidence of other crimes is not admissible in a criminal prosecution and the so-called "sex crimes exception" to that rule.

## SEX CRIMES EXCEPTION

The question of whether Tennessee should adopt a "sex crimes" exception to the general rule prohibiting the admission of evidence of other crimes in a criminal prosecution is not new. A resolution of the issue requires an examination of the rationale of the rule and the exception, as well as an analysis of previous decisions of this Court. The leading case reaffirming the general rule regarding evidence of other crimes is *Bunch v. State,* 605 S.W.2d 227, 229 (Tenn.1980), in which this Court declared:

It is well established, of course, that in a criminal trial evidence that the defendant has committed some other crime wholly independent of that for which he is charged, even though it is a crime of the same character, is usually not admissible *because it is irrelevant.* Moreover, because of the obvious prejudice of such evidence to the defendant its admission often constitutes prejudicial error, requiring the reversal of a conviction. However, if evidence that the defendant has committed a crime separate and distinct from the one on trial, *is relevant* to some matter actually in issue in the case on trial and if its probative value as evidence of such matter in issue is not outweighed by its prejudicial effect upon the defendant, then such evidence may be properly admitted.

On occasions, evidence of crimes other than that on trial has been admitted as being relevant to such issues on trial as motive of the defendant, intent of the defendant, the identity of the defendant, the absence of mistake or accident if that is a defense, and, rarely, the existence of a larger continuing plan, scheme, or conspiracy of which the crime on trial is a part.

(Emphasis in original) (internal citations omitted). The general rule was reaffirmed and refined in *State v. Parton,* 694 S.W.2d 299, 303 (Tenn.1985), where we held that before admitting evidence of other crimes, a trial court must first conduct a jury-out hearing to determine the purpose for which the evidence is being offered, and to determine whether its probative value is outweighed by its prejudicial effect. *Id.*

The holdings of both *Bunch* and *Parton* are embodied in the Tennessee Rules of Evidence 404(a) & (b), adopted by the General Assembly and effective January 1, 1990, that provide as follows:

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity with the character or trait on a particular occasion. . . .

Evidence of *other crimes, wrongs,* or *acts* is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for *other purposes.*

(Emphasis added.) The Advisory Commission Comments to Rule 404(b) explain that the "other purposes" contemplated by the language of the rule are those exceptions to the admission of evidence of other crimes contained in *Bunch* and reaffirmed in *Parton.*

In addition to the authority discussed above, the defendant argues that this Court explicitly rejected the "sex crimes" exception in *State v. Burchfield,* 664 S.W.2d 284, 287 (Tenn.1984). There, we said "Tennessee has not adopted a general sex crimes exception although several courts, in dictum, have discussed such an exception." *Id.* After acknowledging that some states allow such proof, the *Burchfield* court concluded its discussion of the issue by stating:

We find no reason to expand the exceptions to the general rule outlined previously in *Bunch v. State,* supra. Although some states have created a sixth category—the sex crimes exception, we are reluctant to do so. *Id.*

The State, however, relying on this Court's decisions in *State v. Brown,* 762 S.W.2d 135, 137 (Tenn.1988), and *State v. Shelton,* 851 S.W.2d 134, 136 (Tenn.1993), argues that since *Burchfield,* we have, at least by impli-

cation, recognized the exception. In both *Brown* and *Shelton,* we stated that:

> in prosecutions for violation of the age of consent law and cognate crimes, evidence of other acts of intercourse both prior and subsequent to the act charged in the indictment is competent, as tending to establish the commission of the special act under examination, as corroborative of the evidence of witnesses testifying thereto, and for the purpose of showing the relation of the parties.

*Id.,* citing *Jamison v. State,* 117 Tenn. 58, 61, 94 S.W. 675–76 (1906), and *Sykes v. State,* 112 Tenn. 572, 82 S.W. 185 (1903).

A close examination of the facts of *Shelton* and *Brown,* and the context in which the above rule was stated, demonstrates that we recognized a special rule admitting evidence of other sexual crimes when an indictment charges a number of sexual offenses, but alleges no specific date upon which they occurred. For instance, in *Shelton,* the indictment charged the defendant with unlawful sexual contact "on or about the __ day of __ 1989." In a bill of particulars, the State narrowed the time to a period from April 7 to September 6, 1989. All of the evidence admitted at trial related to sex crimes allegedly committed by the defendant against the victim during the time as narrowed by the bill of particulars, and therefore necessarily included only evidence relevant to the offenses charged in the indictment. This Court held, in both *Shelton* and *Brown,* that where the indictment charges that sex crimes occurred over a span of time, evidence of unlawful sexual contact between the defendant and the victim allegedly occurring during the time charged in the indictment is admissible. The State, however, must elect at the close of its proof-in-chief as to the particular offense

or offenses for which it is seeking a conviction. *Shelton,* 851 S.W.2d at 137; *Brown,* 762 S.W.2d at 137; *see also Burlison v. State,* 501 S.W.2d 801 (Tenn.1973).[2]

■ The two primary purposes underlying the special rule articulated in *Shelton* and *Brown* are to preserve a criminal defendant's right under the state constitution to a unanimous jury verdict,[3] and to allow the State some latitude in the prosecution of criminal acts committed against young children who are frequently unable to identify a specific date on which a particular offense was committed. *Shelton,* 851 S.W.2d at 137. No evidence was admitted in either *Shelton* or *Brown* involving unindicted sex crimes committed by the defendant against the victim, and neither case should be read as recognizing a "sex crimes" exception.[4]

■ The general rule excluding evidence of other crimes is based on the recognition that such evidence easily results in a jury improperly convicting a defendant for his or her bad character or apparent propensity or disposition to commit a crime regardless of the strength of the evidence concerning the offense on trial. *Anderson v. State,* 165 Tenn. 569, 56 S.W.2d 731 (1933). Such a potential particularly exists when the conduct or acts are similar to the crimes on trial. *Parton,* 694 S.W.2d at 303.

On the other hand, evidence admitted under a general sex crimes exception is said to be for purposes of corroboration, or to show the intimate relations between the parties, or to show that the defendant had a lustful disposition. *See generally* Annot., 77 A.L.R.2d 841 (1961), and Later Case Service (1986 & 1993); 41 Am.Jur.2d, *Incest* § 17 (1968 & 1993); 1 *Wharton's Criminal Evi-*

2. An examination of both *Sykes* and *Jamison* reveals that election was also an issue in those cases. Election occurred in *Sykes,* and *Jamison* was reversed because election did not occur. Consequently, it appears that the evidence admitted in those cases involving prior sex crimes was necessarily included within the charge of the indictment. To the extent, however, that either decision can be read as inconsistent with our holding herein, they are overruled.

3. Article I, Section 6 of the Tennessee Constitution.

4. For example, in this case, there is a four-year statute of limitations for incest. Under the special rule of *Shelton* and *Brown,* the State, based on the victim's proof, could have alleged incidents in the indictment within the four-year period and then elected at the end of its proof the offense or offenses upon which it was seeking a conviction and a unanimous verdict would have been required on each particular offense.

*dence*, § 188 (Torcia 14th ed. 1985 & Supp. 1993). The rationale for the general sex crimes exception was stated by the Arizona Supreme Court in *State v. McDaniel*, 80 Ariz. 381, 388, 298 P.2d 798, 802–03 (1956), as follows:

> Certain crimes today are recognized as stemming from a specific emotional propensity for sexual aberration. The fact that in the near past one has given way to unnatural proclivities has a direct bearing upon the ultimate issue whether in the case being tried he is guilty of a particular unnatural act of passion. . . .

Other jurisdictions, however, have been critical of the rationale for the exception. For example, the Pennsylvania Superior Court criticized the liberality of the sex crimes exception stating:

> There is a grave question whether the distinction as frequently applied is not the result of an emotional rather than a logical approach to the issue.

*Commonwealth v. Boulden*, 179 Pa.Super. 328, 338–40, 116 A.2d 867, 873 (1955); *see also State v. Bates*, 10 Conn. 372 (1834); *State v. Start*, 65 Or. 178, 132 P. 512 (1913); *Limbaugh v. Commonwealth*, 149 Va. 383, 140 S.E. 133 (1927).

Still other states with a similar rule of evidence to Tenn.R.Evid. 404 have concluded that the sex crimes exception cannot be reconciled with the restrictive language of Tenn.R.Evid. 404; as a result, they have overruled prior cases to the contrary and expressly rejected the "sex crimes" exception, holding instead that evidence of prior sexual misconduct is governed by the same evidentiary rules as evidence of other non-sexual misconduct.[5]

In so holding, the Delaware Supreme Court stated, "[w]e are no more inclined to endorse [the assumption that a defendant's propensity for satisfying sexual needs is so unique that it is relevant to his guilt] than we are to consider previous crimes of theft as demonstrating a larcenous disposition and thus admissible to show proof of intent to commit theft on a given occasion." *Getz*, 538 A.2d at 734.

Our re-examination of the authorities convinces us that the general rule, which excludes evidence of other crimes or bad acts as irrelevant and prejudicial when the defendant is on trial for a crime or act of the same character, remains sound. In 1984, we declined to expand the exceptions to the general rule to include a broad "sex crimes" exception. Since the passage by the General Assembly of the Tennessee Rules of Evidence in 1990, the rationale of our decision in *Burchfield* rejecting the exception is even more persuasive because such an exception is irreconcilable with the language of the Rules.

 We reaffirm, however, the special rule applied in *Shelton* and *Brown* admitting evidence of other sex crimes when an indictment is not time specific and when the evidence relates to sex crimes that allegedly occurred during the time as charged in the indictment. In such cases, the State must elect at the close of its proof-in-chief as to the particular incident for which a conviction is being sought.[6] Unlike evidence of prior crimes excluded by *Bunch* and Tenn.R.Evid. 404(a) & (b), evidence of a prior sex crime that is necessarily included within the charge of the indictment is also necessarily relevant to the issues being tried and, therefore, is admissible. *See also* Tenn.R.Evid. 402.[7]

---

5. *Bowden v. State*, 538 So.2d 1226 (Ala.1988); *People v. Tassell*, 36 Cal.3d 77, 201 Cal.Rptr. 567, 679 P.2d 1 (1984) (In Bank); *Getz v. State*, 538 A.2d 726 (Del.1988); *Pendleton v. Commonwealth*, 685 S.W.2d 549 (Ky.1985); *State v. Moore*, 440 So.2d 134 (La.1983); *People v. Major*, 407 Mich. 394, 285 N.W.2d 660 (1979); *State v. Curry*, 43 Ohio St.2d 66, 330 N.E.2d 720 (1975); *Commonwealth v. Shively*, 492 Pa. 411, 424 A.2d 1257 (1980); *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986).

6. Three decisions of the Court of Criminal Appeals relied upon by the State in this appeal—

*State v. Lockhart*, 731 S.W.2d 548 (Tenn.Crim. App.1986); *Martin v. State*, 584 S.W.2d 830 (Tenn.Crim.App.1979); and *Sanderson v. State*, 548 S.W.2d 337 (Tenn.Crim.App.1976)—appear to hold that evidence of prior uncharged sex crimes is admissible. To the extent that those decisions, or any other decisions of this Court or the Court of Criminal Appeals, conflict with the holding herein, they are overruled.

7. "All *relevant* evidence is admissible except as provided by the Constitution of the United States, the Constitution of Tennessee, these rules, or other rules or laws of general application in the

Returning to the facts of this case and applying the foregoing rules, it is clear that the victim's testimony about other uncharged sex crimes was error. The trial court's rationale, adopted by the Court of Criminal Appeals, was that the evidence was admissible as corroboration of the testimony of the victim. Corroboration, however, is not one of the limited exceptions noted in *Bunch* and *Parton*. Moreover, we disagree with the Court of Criminal Appeals that the victim's testimony about prior sex crimes committed by the defendant against her is analogous to evidence traditionally held admissible by way of the doctrine of "fresh complaint." The "fresh complaint" doctrine allows *others* to testify to statements made by the victim about the sexual assault for which the defendant is *then* being prosecuted in order to corroborate the victim's statement that he or she suffered the attack. Testimony of the *victim* about *other* prior unindicted sex crimes allegedly committed by the defendant upon the victim does not corroborate the testimony of the victim that he or she suffered the attack for which the defendant is *then* being tried. Moreover, the prejudice resulting from such testimony outweighs its probative value. *See Burchfield,* 664 S.W.2d at 287. The Court of Criminal Appeals' judgment affirming the defendant's convictions is reversed.

Because the admissibility of Rickman's confession will become an issue at any new trial, we elect to consider that issue in the interest of judicial efficiency. It is well-settled that a trial court's determination at a suppression hearing is presumptively correct on appeal. *State v. Harbison,* 704 S.W.2d 314, 318 (Tenn.1986). Although Rickman testified that he was pressured into confessing by the officers' promises of leniency should he confess and threats of retribution should he not confess, the trial judge accredited the testimony of the prosecution witnesses that Rickman voluntarily waived his constitutional rights. The evidence in the record does not preponderate against the trial court's findings. *Id.,* *see also State v. Kelly,* 603 S.W.2d 726, 729 (Tenn.1980). We also note that the trial court was correct in allowing the State to use the redacted portion of the statement to cross-examine the defendant after he made a general denial of any prior unlawful sexual contact with the victim. *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976); Tenn.R.Evid. 608. Accordingly, the Court of Criminal Appeals' judgment affirming the trial court's denial of the motion to suppress is affirmed.

### CONCLUSION

Because evidence of prior uncharged sex crimes not included in the indictment was wrongfully admitted in violation of the general rule, the Court of Criminal Appeals judgment is reversed and the cause remanded for a new trial in accordance with this opinion. The new trial remand requires us to pretermit the defendant's claim that the convicting evidence was insufficient. Cost of this appeal are taxed against the State.

REID, C.J., and DROWOTA, O'BRIEN and BIRCH, JJ., concur.

courts of Tennessee. Evidence which is not relevant is not admissible." (Emphasis added.)