**STATE of Tennessee, Appellee,**

v.

**Steven E. DUTTON, Appellant.**

Supreme Court of Tennessee,
at Jackson.

March 13, 1995.

Charles S. Kelly, Dyersburg, for appellant.

Charles W. Burson, Atty. Gen. & Reporter Nashville, Kathy Morante, Deputy Atty. Gen., for appellee.

**OPINION**

ANDERSON, Chief Justice.

The primary issue presented in this appeal is whether the trial court's error in admitting evidence of prior sex crimes, which were independent from the sex crime for which the defendant was indicted and charged, was harmless error in this case.

The State has conceded that both the trial court and Court of Criminal Appeals erred by admitting evidence of prior uncharged sex crimes, but argues that the error was harmless because of the limiting instructions given to the jury by the trial judge. We disagree and conclude the evidence admitted in error more probably than not affected the verdict and was, therefore, harmful. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand this case for a new trial.

**BACKGROUND**

The defendant, Steven Dutton, was convicted of three counts of aggravated rape based upon charges that he had engaged in sexual acts with the 12–year–old victim in December 1991.

Before the trial began, the court held a hearing to determine the admissibility of testimonial evidence about prior uncharged sexual acts between the defendant and the victim. The trial court ruled that the State could present the contested evidence, finding that its probative value outweighed its prejudicial effect. As a result, at the trial, after the victim testified, Jeremy Cloar, the defendant's 14–year–old cousin, testified that although he had not seen what happened on the date charged in the indictment, he had seen the defendant perform sexual acts on the victim before the relevant time period.

At trial, the victim testified that on the morning of December 14, 1991, he went over to the defendant's trailer where the defendant lived with his grandmother. The victim said that the defendant called him into the grandmother's bedroom and performed sexual acts upon him, and also forced the victim to perform a sexual act upon him. The

victim also testified that the defendant had performed sexual acts on him "maybe twenty" times, beginning when the victim was seven years old.

The defendant attempted to impeach the victim's credibility by introducing testimony from the victim's grandfather, pursuant to Tenn.R.Evid. 608, about the victim's character for truthfulness. The trial court conducted a jury-out hearing to determine the admissibility of the testimony. At the hearing, the victim's grandfather testified that he had been around the victim on weekends off and on for a number of years and that he was "sure [that the victim's general reputation for telling the truth] was bad." He further testified that his grandson did not tell the truth all the time. He stated that while he was "eligible to tell the truth," he might not tell the truth if he needed to cover up something. The trial court ruled that there was no foundation established for the testimony and therefore excluded it.

Thereafter, the jury found the defendant guilty of three counts of aggravated rape, and the trial court sentenced the defendant to 20 years on each count, to be served concurrently.

On appeal, the Court of Criminal Appeals held that the admission of Jeremy Cloar's testimony concerning prior uncharged sexual acts between the defendant and the victim was admissible to show the "state of intimacy between the defendant and the victim." The Court of Criminal Appeals further held that the trial court properly refused to allow the victim's grandfather to testify about the victim's character for truthfulness. The Court of Criminal Appeals' opinion was written prior to the announcement of our decision in *State v. Rickman*, 876 S.W.2d 824 (Tenn. 1994), in which we held that it is error to admit evidence of other sex crimes under Tenn.R.Evid. 404(b) unless the evidence is relevant to an issue other than the defendant's propensity to commit a sex crime, or the evidence relates to other sex crimes that occurred within the time period covered by the charge of the indictment.

We granted the defendant's appeal primarily to consider the question of whether the erroneous admission of other sex crimes evidence in this case was harmless, and secondarily to discuss the foundation requisite for the admissibility of opinion and reputation character evidence under Tenn.R.Evid. 608.

### HARMLESS ERROR ANALYSIS

In this case, Jeremy Cloar's testimony about prior sex crimes committed by the defendant against the victim was not admissible because the testimony was not limited to acts occurring during the time period covered by the indictment. It was offered at trial only to show the "state of intimacy" between the defendant and the victim. The State concedes that the admission of this evidence was error in light of *State v. Rickman*, 876 S.W.2d 824 (Tenn.1994). The State, however, contends that the error is harmless under Tenn.R.App.P. 36(b), because there is no showing that the inadmissible evidence more probably than not affected the judgment in this case. To buttress their argument, the State points out that the trial court instructed the jury to consider the evidence of prior uncharged sex crimes involving the defendant and the victim only on the limited issues for which it was being admitted, namely, to establish the degree of intimacy between the defendant and the victim, or the relationship that existed between the victim and the defendant. The trial court further instructed that the evidence could not be considered as proof of the defendant's guilt of the crimes for which he was on trial.

The State argues that this Court must presume that the jury followed these instructions and asserts that the admission of other sex crimes evidence did not affect the judgment because the limiting instructions were given. We disagree.

 We recognize that a prompt instruction to a jury which directs them not to consider *improper* evidence generally cures any error, unless the evidence is so prejudicial that it more probably than not affected the judgment. Moreover, we recognize that it is the duty of trial courts to give limiting jury instructions when evidence is being admitted for only a limited purpose.

When a trial judge gives limiting instructions, however, the court must instruct the jury as to the *correct* state of the law. In this case, the instructions given to the jury were only partially correct. The trial court correctly instructed the jury that the evidence of prior uncharged sex crimes with the victim was not evidence of the defendant's guilt of the crime for which he was on trial. The trial court, however, went on to instruct the jury that the testimony was admissible for the purpose of establishing "the degree of intimacy between the defendant and the victim or the relationship that existed between the victim and the defendant on this particular occasion." In *State v. Rickman, supra,* we held that there is no sex crimes exception to the general rule that evidence of other crimes is admissible only if it is relevant to an issue other than the defendant's propensity to commit a crime. As a result, that part of the trial court's instruction was incorrect since the only relevant issue was the guilt of the defendant of the crimes charged. The state of intimacy between the defendant and the victim was not at issue. Accordingly, because the instructions were incorrect and misleading, they may not be considered in our analysis of whether the error in the admission of the improper evidence was harmless.

We now examine the balance of the record in this case to determine whether the admission of the evidence of other sex crimes was harmful under the standard set out in Tenn.R.App.P. 36(b), by which we must judge harmless error. In this case, the 12-year-old victim's testimony was the primary evidence against the defendant. The defendant took the stand and denied the charges against him. Essentially the jury had to determine who to believe and was faced with a credibility contest between the victim and the defendant. Under these circumstances, there is little doubt that the trial court error in admitting the testimony of 14-year-old Jeremy Cloar as to prior sex acts between the defendant and the victim "more probably than not affected the judgment" in this case. Under Tenn.R.App.P. 36(b), such an error is deemed harmful. As a result, we must remand this case for a new trial.

## ADMISSIBILITY OF CHARACTER EVIDENCE UNDER RULE 608(a), TENNESSEE RULES EVIDENCE

The defendant charges that the trial court erred when it refused to allow the grandfather of the victim to testify that the victim's character for truthfulness was bad. Because we have granted a new trial and the admissibility of this evidence will be an issue at a new trial, we have chosen to discuss and resolve it.

The trial court first conducted a jury-out hearing to determine whether the victim's grandfather would be allowed to testify about the victim's character for truthfulness pursuant to Tenn.R.Evid. 608(a). At the jury-out hearing, the grandfather testified that he had been around the victim on weekends for a number of years and that the victim's general reputation for telling the truth was bad. The trial court ruled that there was no foundation established for the character testimony and excluded it from evidence.

On appeal, the Court of Criminal Appeals agreed that there was no proper foundation because "he [the grandfather] did not testify that he is familiar with the victim's reputation for truthfulness in the community."

The admissibility of character evidence is generally governed by Tenn.R.Evid. 404(a), which provides that evidence of a person's character is not admissible to prove that the person acted in accordance with his or her character on the occasion in question. Cohen, Paine, Sheppeard, *Tennessee Law of Evidence,* § 404.2 (2nd ed. 1990). However, an exception to the general rule, found in Rule 404(a)(3), permits character evidence if authorized by Rules 607, 608, and 609. *Id.* In this case, relying upon Tenn.R.Evid. 608(a)(1), the defendant attempted to present testimony that the victim's character for truthfulness was bad.

Rule 608(a) generally permits reputation and opinion evidence of a witness's character for truthfulness or untruthfulness, and provides that

[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject

to these limitations: (1) the evidence may only refer to character for truthfulness or untruthfulness, and (2) the evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked.

Although the rule does not specifically speak to the issue, testimonial character evidence pertaining to another witness's character for truthfulness is admissible only if a proper foundation is established. *Tennessee Law of Evidence*, § 608.2. The Eleventh Circuit, interpreting Fed.R.Evid. 608(a), which is generally consistent with Tenn. R.Evid. 608(a), discussed the foundation required to support admissibility of reputation evidence in *United States v. Watson*, 669 F.2d 1374, 1381 (11th Cir.1982). There, the court concluded that to warrant admitting evidence about a witness's reputation for truthfulness, it is necessary to qualify the reputation witness "through a showing of 'such acquaintance with the [person under attack], the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded.'" (Citations omitted).

Likewise, a foundation must also be established before *opinion* testimony about a witness's character for truthfulness is admissible. Specifically, before a witness can offer an *opinion* on another witness's truthfulness, it must be established that the character witness is "sufficiently personally familiar with [the primary witness's] character to offer an opinion on the subject." *Tennessee Law of Evidence*, § 608.2; *see also* Tenn. R.Evid. 403 [1] and 701(a) [2] (permitting exclusion of evidence if an adequate familiarity is not established).

While "[t]he reputation witness must have sufficient acquaintance with the principal witness in his community in order to ensure that the testimony accurately re-

flects the community's assessment, ... the opinion witness is not relating community feelings." *United States v. Watson*, 669 F.2d at 1382. Instead, the *opinion* witness testifies from personal knowledge and relates a personal impression of the primary witness's character for truthfulness. *United States v. Watson*, 669 F.2d at 1382. *See also* Tenn. R.Evid. 602. Therefore, to establish admissibility of opinion testimony, it is necessary to demonstrate "that the opinion is rationally based on the perception of the witness and would be helpful to the jury in determining the fact of credibility." *United States v. Dotson*, 799 F.2d 189, 193 (5th Cir.1986).

In this case, the critical issue is whether a sufficient foundation was established to admit *either* opinion or reputation testimony from the victim's grandfather about the victim's character for truthfulness. We conclude that a sufficient foundation was developed for the introduction of the victim's grandfather's testimony concerning his *opinion* of the victim's character for truthfulness, but it was insufficient to warrant admission of the reputation testimony. The defendant did not elicit information concerning the victim's grandfather's acquaintance with the community in which the victim lived in order to insure that the testimony adequately reflected the community's assessment. However, the grandfather's testimony that he had been around the victim on and off for a number of years on weekends did sufficiently create a foundation to support his testimony concerning his own opinion of the child's character for truthfulness. The defendant established that the grandfather had personal knowledge which would allow him to develop an impression of the victim's character for truthfulness. Accordingly, the witness should have been allowed to state his opinion about the victim's character for truthfulness.

We, therefore, hold that the trial court erred in refusing to admit the testimony of

---

1. Rule 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Rule 701(a) provides that opinion testimony by lay witnesses is limited to opinions not requiring special knowledge; situations where the witness cannot readily communicate without testifying in terms of opinions; and situations where the opinion will not mislead the trier of fact to the prejudice of the objecting party.

the victim's grandfather as to his opinion of the character of the victim for truthfulness because a sufficient foundation was established for that testimony. We also hold that the trial court correctly refused to allow the victim's grandfather to testify as to the reputation of the victim for truthfulness in the community because a sufficient foundation was not established for that testimony. Tenn.R.Evid. 608(a). Because we remand for a new trial, the defendant's issues concerning the sufficiency of the evidence, juror access to an exhibit, and the sentencing issues are pretermitted.

For the reasons discussed above, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded for a new trial. Costs of this appeal are taxed to the State of Tennessee.

DROWOTA and REID, JJ., and FONES and CANTRELL, Special Justices, concur.