# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION



**FILED**

**May 28, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES ROBERT BLEVINS,** | ) | C.C.A. No. 03C01-9611-CR-00396 |
| | ) | **WASHINGTON COUNTY** |
| **Appellant,** | ) | |
| | ) | **Hon. Arden L. Hill, Judge** |
| **VS.** | ) | |
| | ) | **(Post-Conviction)** |
| **STATE OF TENNESSEE** | ) | **No. 21467 BELOW** |

FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY R. COPOUS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

DAVID E. CROCKETT
District Attorney General
Rt. 19, Box 99
Johnson City, TN 37601

MICHAEL LaGUARDIA
Assistant District Attorney General
Post Office Box 38
Jonesborough, TN 37659

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK,
Special Judge

## OPINION

Appellant appeals as of right from the trial court's dismissal of his petition for post-conviction relief based on the running of the statute of limitations. Appellant contends that the ruling in State v. Rickman, 876 S.W.2d 824 (Tenn. 1994), clarifying the rule of when other uncharged instances of sexual conduct can be admitted into evidence, creates a new, retroactive constitutional rule that voids his conviction and sentence. He also asserts a denial of equal protection. We disagree and affirm the judgment of the trial court.

In 1988 appellant was convicted by a jury of four counts of rape. He received four sentences of seven years, to be served consecutively. On direct appeal appellant specifically raised the issue of admission into evidence of sexual encounters between the victim and the appellant outside the time frame alleged in the indictments. The conviction and the sentence were affirmed by this court. State v. James R. Blevins, No. 250 (Tenn. Crim. App., Knoxville, August 31, 1989). The petition for rehearing was denied October 18, 1989. The Supreme Court denied application for permission to appeal, concurring in results only, on January 2, 1990. The Court denied the application to rehear on February 5, 1990.

In his first petition for post-conviction relief appellant alleged ineffective assistance of counsel. After an evidentiary hearing the trial court dismissed the petition, finding that defendant had effective trial representation. This court upheld the dismissal. James R. Blevins v. State, No. 03C01-9106-CR-00171 (Tenn. Crim. App., Knoxville, October 27, 1994). The application for permission to appeal was denied February 6, 1995.

On March 3, 1993, petitioner filed a petition for habeas corpus. The trial court found that it failed to allege grounds that would warrant the issuance of such a writ and, if treated as a petition for post-conviction relief, was barred by the statute of limitations. That dismissal was upheld by this court in James R. Blevins v. State, No. 03-C-01-9308-CR-00271 (Tenn. Crim. App., Knoxville, January 5, 1994).

2

The petition for post-conviction relief now before the court was filed January 5, 1995. It again raises the issue of admission of evidence of other sex crimes not charged in the presentments. Under the law in effect at the time this petition was filed, Tenn. Code Ann. §40-30-102(f)(1) required that an individual apply for post-conviction relief within three years of the date of the final action of the highest state appellate court to which an appeal was taken.[1] Appellant's petition in this matter was filed well beyond that three-year limitations period.

However, appellant contends that the facts in his case place him within the exception created in Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) and/or Tenn. Code Ann. §40-30-105,[2] granting relief when a case involves a constitutional right not existing at the time of trial if the constitution requires retrospective application. The appellant relies on State v. Rickman, 876 S.W.2d 824 (1994),[3] asserting that Rickman creates a new constitutional rule of law which was not in existence at the time of any earlier petitions. After consideration, we find the defendant's claims do not properly fall within either of these exceptions to the statute of limitations.

First, the decision on which appellant in this case relies does not announce a new constitutional rule, but only a new interpretation of Tenn. R. Evid. 404. State v. Rickman, 876 S.W.2d at 829. It does not even exclude all evidence of other sex crimes when an indictment is not time specific. It focuses only on evidentiary

_____

[1]The 1995 Post-Conviction Procedure Act, T.C.A. §40-30-201 et. seq. (Supp. 1996) applies to all post-conviction petitions filed after May 10, 1995. See 1995 Tenn. Pub. Act 207, Section 3. T.C.A. §40-30-202(a) provides that petitions for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final.

[2]Now T.C.A. §40-30-202(b)(1).

[3]In Rickman the Supreme Court overruled prior precedent, holding that there is no "sex crimes" exception to the general rule that other crimes evidence is not admissible in criminal prosecutions, but there is a narrow special rule which admits prior sex crimes into evidence if the indictment is not time specific and the other crimes allegedly occurred during the time frame charged in the indictments.

3

relevance of such other acts.  Accordingly, this issue is without merit.  <u>See</u> <u>Burr v. State</u>, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

Second, even if a new constitutional rule had been announced in <u>Rickman</u>, retroactive application would not be required.  Generally, a new constitutional rule of law is one that "breaks new ground or imposes a new obligation on the states or the federal government . . . [or] if the result was not dictated by a precedent existing at the time the defendant's conviction became final".  <u>Teague v. Lane</u>, 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334, 349 (1989); <u>Meadows v. State</u>, 849 S.W.2d 748, 751 (Tenn. 1993).  A new rule of <u>federal</u> constitutional law is now retroactively applied to all cases, state or federal, pending on direct review or not yet final, regardless of whether the new rule constitutes a "clear break" with the past.  <u>Griffith v. Kentucky</u>, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).  However, a new federal constitutional rule will not be given retroactive application to cases on collateral review unless (1) the rule places certain kinds of primary, private individual conduct beyond the powers of the state to proscribe, or (2) the rule requires the observance of procedures implicit in the concept of ordered liberty.  <u>Teague v. Lane</u>, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In <u>State v. Meadows</u> the Tennessee Supreme Court rejected the <u>Teague</u> analysis, concluding that a new state constitutional rule will be given retroactive effect only if it materially enhances the integrity and reliability of the fact-finding process at trial.  <u>State v. Meadows</u>, 849 S.W.2d 748, 754 (Tenn. 1993).  As further refined by our courts:

> [A] factor which weighs heavily in favor of retroactive application of a new rule is the likelihood that it will enhance the integrity and reliability of the fact finding process of the trial.  A factor which weighs heavily against retroactive application is the prospect that the integrity of the fact-finding process at trial will not be materially enhanced, coupled with the wholesale unsettling of final judgments of conviction.

4

Adkins v. State, 911 S.W.2d 334, 344 (Tenn. Crim. App. 1994), quoting State v. Robbins, 519 S.W.2d 799, 801 (Tenn. 1975).

Thus, even if a new constitutional rule had been announced in Rickman, we conclude that it should not be applied retroactively in this case because, applying the Meadows standard, the rule announced therein does not materially enhance the integrity and reliability of the fact finding process. Retroactive application of a new constitutional rule in the post-conviction setting is necessary only when "the old rule substantially impairs the truth-finding function at trial" and would tend to raise "serious questions about the accuracy of [the] guilty verdicts . . . ". Meadows, 849 S.W.2d at 755. Such is not the case here. The defendant confessed to police that he abused his stepdaughter twice a week for approximately five years. A tape recording of an incriminating conversation between the defendant and the victim was also introduced. The evidence of guilt was overwhelming.[4] Therefore, retroactive application was not required.

Appellant finally contends that he has been denied equal protection of the law because he has been treated differently from those persons whose cases were in the direct appeal process at or after the time Rickman was decided. We find no violation of appellant's rights. He does not have an unqualified constitutional right to retroactive application of subsequent case law once his case becomes final. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995), citing Meadows v. State, 849 S.W.2d 748, 753-55 (Tenn. 1993).

We find no error of law mandating reversal. The judgment of the trial court dismissing the petition is affirmed.

---

[4]Although the attorneys stipulated during the hearing on this matter that the original trial transcript would be made a collective exhibit, it apparently was never tendered to the court, and was not sent as part of the record on appeal. Therefore, this court has considered the evidence presented at trial only insofar as it is included in previous appellate opinions.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE

# IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| JAMES ROBERT BLEVINS, | ) | C.C.A. No. 03C01-9611-CR-00396 |
| | ) | WASHINGTON COUNTY |
| Appellant, | ) | |
| | ) | Hon. Arden L. Hill, Judge |
| VS. | ) | |
| | ) | (Post-Conviction) |
| STATE OF TENNESSEE | ) | No. 21467 BELOW |

## JUDGMENT

Came the appellant, James Robert Blevins, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Washington County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Washington County for execution of the judgment of that court and for collection of costs accrued below.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge