IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
OCTOBER SESSION, 1997

FILED

January 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,        )
                           )    No. 02C01-9610-CR-00369
        Appellee           )
                           )    SHELBY COUNTY
vs.                        )
                           )    Hon. Arthur T. Bennett, Judge
DONALD P. SPICER,          )
                           )    (Rape of a child; assault)
        Appellant          )

## DISSENTING OPINION

I respectfully dissent. While I concur with the majority in concluding "that the court below erred in granting the State's motion to consolidate," I find the error complained of to be of such prejudicial dimensions as to require reversal. The facts of this case are analogous to the facts in State v. Hoyt, 928 S.W.2d 935 (Tenn. Crim. App. 1995). In Hoyt, 928 S.W.2d at 945, this court condemned the practice of joining two open-dated indictments involving two different victims for a single trial. As in Hoyt, the open-dated indictments in the present case, i.e., "July 1, 1993 to December 31, 1993" and "March 1, 1994 to March 4, 1994," permit the State's introduction of other unindicted sexual crimes or bad acts by the appellant in its consolidated case-in-chief upon the trial of the other. See Hoyt, 928 S.W.2d at 945 (citing State v. Rickman, 876 S.W.2d 824, 829 (Tenn. 1994)). "Because there are two counts involving two different victims, evidence of multiple sexual offenses would be admissible under each count." Hoyt, 928 S.W.2d at 945.

The rule of Hoyt clearly illustrates why these indictments should not have been consolidated. In the present case, both victims testified to a multitude of sexual encounters, assaults and penetrations occurring both within the indicted period and outside the indicted period. It is difficult to believe that L.A.S.'s testimony that "[it happened] every week" and that "[it happened] more than one time" had no

prejudicial effect upon the jury verdict regarding A.N.S. Likewise, it is also inconceivable to imagine that A.N.S.'s testimony that "[it happened] [s]o many [times] I can't count" had no effect regarding the count involving L.A.S. In other words, "[t]he 'taint' of such evidence introduced under one count would bolster the second joined offense and vice versa." Hoyt, 928 S.W.2d at 945. "Failure to sever, under these circumstances, invite[s] reliance upon the propensity notion." Id. at 946. I find that the appellant was unduly prejudiced by the joinder of these offenses.

For these reasons, I would vacate the conviction for rape of a child and remand for a new trial.

_____
DAVID G. HAYES, Judge