# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 6, 2001

## STATE OF TENNESSEE v. SYLVESTER FORD

**Direct Appeal from the Circuit Court for Chester County**
**No. 99-31          Roy Morgan, Jr., Judge**

_____

**No.  W2000-01175-CCA-R3-CD - Filed April 17, 2002**

_____

The defendant, Sylvester Ford, was tried by jury and found guilty of one count of rape of a child and one count of aggravated sexual battery. The trial court sentenced the defendant to serve twenty years as a Range I offender.  The defendant filed a timely motion for new trial, which the trial court denied. The defendant now brings this appeal, alleging that he should receive a new trial because the trial court committed plain error by failing to require the state to elect which acts the jury should consider to support the defendant's indicted offenses.  The defendant subsequently filed a writ of error <u>coram nobis,</u> and the trial court denied the defendant's petition, finding that the petition was untimely filed and did not allege information that would warrant a new trial.  After reviewing the record, we find that the defendant's direct appeal claim has merit and warrants a new trial, and, therefore, we need not address the merits of the defendant's <u>coram nobis</u> petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

C. Michael Robbins, Memphis, Tennessee, on appeal; George M. Googe, District Public Defender; and Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee, at trial and on appeal, for appellant, Sylvester Ford.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for appellee, State of Tennessee.

# OPINION

## Facts

The defendant is the father of the then six-year-old victim.[1]  On June 3, 1999, the defendant returned home from work, showered, and changed into a robe, as was his custom. The victim's mother had just bathed her, and she was dressed in a tee-shirt and her karate robe. The victim's mother went into another room to breast-feed her youngest child, leaving the defendant and the victim alone in a room together.  When the victim's mother returned to the room, she found the defendant, who was completely naked, with the victim, who was sitting on the defendant's lap, facing him. The victim's shirt was above her waist, and the defendant was rubbing his penis against the victim's vagina.  At trial, both the victim and her mother recounted this incident in their testimony.  The victim also testified about two additional instances of sexual abuse that occurred on nights other than the night referred to in the indictment. On one of these occasions the defendant forced the victim to suck "on it," while on another occasion the defendant licked her "body part."

The defendant was indicted for one count of rape of a child and one count of aggravated sexual battery.  The indictment states that both instances occurred on or about June 3, 1999.  Pretrial, defense counsel moved to exclude all references to any other alleged victims or instances of sexual abuse other than those included in the indictment.  The trial court ruled that such references should be excluded.  Because the trial court later allowed the victim to testify about other instances of sexual abuse in addition to those that occurred on the date named in the indictment, the defendant brings this appeal, alleging that the trial court's failure to require the state to elect among these offenses constituted plain error.  We must agree that the trial court did commit such error; therefore, we remand this case for a new trial.

As noted supra, the defendant has also brought a petition for writ of error coram nobis, seeking a new trial on the basis of newly discovered information.  Pursuant to State v. Mixon, 983 S.W.2d 661, 663 (Tenn. 1999), this Court stayed the defendant's direct appeal until the resolution of the defendant's petition.  In his petition, the defendant included the statement of Ms. Denise Carroll, who stated that the victim admitted that she had fabricated the allegations of sexual abuse and that she had done so at her mother's instruction. Ms. Carroll also stated that the victim's mother admitted that the defendant had never sexually abused Amanda.  The trial court denied the defendant's petition because it was untimely filed and because it also failed to allege a basis for granting a new trial, as the petition asserted impeachment evidence as opposed to a witness recantation.  The defendant also appeals the trial court's denial of this petition.  Therefore, the defendant's direct appeal and the appeal of his coram nobis petition are now both before this Court.  However, in Mixon, our supreme court stated:

> [W]hen a convicted defendant files a petition for writ of error coram nobis in the trial court, he or she must simultaneously file a motion in the appellate court to stay the appeal as of right until conclusion of the coram nobis proceeding in the trial court. The motion to stay will generally be granted by the appellate court. If, as in this case,

---

[1]  The victim had just turned seven years old at the time of trial.

an appeal is taken from the trial court's denial of the petition for writ of error <u>coram nobis</u>, it will be consolidated with the appeal as of right. Because <u>coram nobis</u> is an extraordinary remedy to which resort should be had only if no other remedy is available, upon review, the appellate court must first address the issues raised in the defendant's appeal as of right. If none of those issues are meritorious the appellate court must then address the issues raised in the defendant's <u>coram nobis</u> appeal.

<u>Mixon</u>, 983 S.W.2d at 663. Implicit in the above quote is the notion that if the direct appeal has merit and a new trial is warranted on that basis, the <u>corum nobis</u> proceeding is more or less moot. Accordingly, we first will address the defendant's direct appeal. Because we find that the defendant's direct appeal issue is meritorious and warrants a new trial, we need not address the denial of the defendant's petition for writ of error <u>coram nobis</u>.

### Election of Offenses

Our supreme court has recently outlined both the history and the necessity of the election requirement:

> This Court has consistently held that the prosecution must elect the facts upon which it is relying to establish the charged offense if evidence is introduced at trial indicating that the defendant has committed multiple offenses against the victim. <u>See</u> <u>State v. Kendrick</u>, 38 S.W.3d 566, 568 (Tenn. 2001); <u>State v. Brown</u>, 992 S.W.2d 389, 391 (Tenn. 1999); <u>State v. Walton</u>, 958 S.W.2d 724, 727 (Tenn. 1997); <u>Tidwell v. State</u>, 922 S.W.2d 497, 500 (Tenn. 1996); <u>State v. Shelton</u>, 851 S.W.2d 134,137 (Tenn. 1993). The election requirement safeguards the defendant's state constitutional right to a unanimous jury verdict by ensuring that jurors deliberate and render a verdict based on the same evidence. <u>Brown</u>, 992 S.W.2d at 391.

> The election requirement was first adopted in <u>Jamison v. State</u>, 117 Tenn. 58, 94 S.W. 675 (1906). This Court in <u>Jamison</u> held that proof of all sexual acts allegedly committed by the defendant against the victim could be admitted into evidence, but to avoid the prosecution of uncharged sex crimes, the State was required to elect the specific act upon which it was relying to obtain a guilty verdict. <u>Jamison</u>, 94 S.W. at 676. Since <u>Jamison</u>, the election requirement has been applied almost exclusively in the sex crimes context, and specifically, when the defendant is alleged to have committed a series of sexual acts over a lengthy period of time against young children who are unable to identify the exact date on which any one act was perpetrated. <u>See</u>, <u>e.g.</u>, <u>Brown</u>, 992 S.W.2d at 389 (finding that the trial court erred in failing to require an election when the defendant was charged with rape of a child in a one count indictment that covered a six-month time frame, but the proof showed that at least ten instances of digital penetration occurred during the six months alleged, five occurring on one day and five others on different days); <u>Walton</u>, 958 S.W.2d at 724 (finding an election should have been required where sexual offenses were charged in a multi-count,

open-ended indictment and where the child victim testified she was raped by the defendant or that he performed cunnilingus on her on a daily basis for over a year); State v. Burlison, 501 S.W.2d 801, 804 (Tenn. 1973) (finding an election should have been required where the defendant was charged with having "carnal knowledge" of the victim on "divers days between the summer of 1964 and August, 1969," but the proof did not show any particular date).

In 1994, this Court overruled Jamison to the extent it had established a "sex crimes exception" that permitted proof of all sexual acts allegedly committed by the defendant against the victim, whether charged or uncharged. See State v. Rickman, 876 S.W.2d 824, 829 (Tenn. 1994) (overruling Jamison). Nonetheless, we recognized in Rickman that out of necessity indictments often charge general time frames that encompass several months. In those instances, we concluded that the State may introduce evidence of sex crimes allegedly committed against the victim during the time frame charged in the indictment, but, at the close of the proof, the State must elect the facts upon which it is relying for conviction. Id.

State v. Johnson, 53 S.W.3d 628, 631 (Tenn. 2001).

In the instant case, the trial court, in contravention of its ruling in limine, allowed the state to introduce evidence of two other instances of sexual abuse that occurred on dates other than the date named in the indictment. The indictment charged that "on or about June 3, 1999" the defendant committed two crimes against the victim, rape of a child and aggravated sexual battery. According to the victim and her mother's testimony, on June 3, 1999, the victim's mother surprised the defendant while he had his daughter on his lap and was touching his erect penis to her vagina, making thrusting gestures as if attempting to "hav[e] sexual intercourse" with her. The victim also testified regarding two other instances of sexual abuse by the defendant occurring on different dates, one in which the defendant "licked her body part" and another in which the defendant made the victim "suck on it."

Tennessee Code Annotated section 39-13-522(a) defines the rape of a child as "the unlawful penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a). The defendant must act with "intent, knowledge, or recklessness." Tenn. Code Ann. § 39-11-301(c). Sexual penetration includes "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Tenn. Code Ann. § 39-13-501(7). A rational jury could have found that either of the two instances of sexual abuse that the victim reported occurring on nights other then June 3, 1999 was rape of a child, as the defendant forced the victim to engage in cunnilingus and fellatio. Furthermore, a jury could have also found that the event occurring on June 3, 1999 was rape of a child if the jurors believed that the defendant's touching of his penis to the victim's vagina and accompanying thrusting motion resulted in an intrusion into the victim's body.

To obtain a conviction of aggravated sexual battery, the state is required to prove the following essential elements beyond a reasonable doubt: (1) "unlawful sexual contact with a victim by the defendant or the defendant by a victim," Tenn. Code Ann. § 39-13-504(a); (2) "[t]he victim is less than thirteen (13) years of age," Tenn. Code Ann. § 39-13-504(a)(4); and (3) the defendant acted either intentionally, knowingly, or recklessly, Tenn. Code Ann. § 39-11-301(c). "'Sexual contact' includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6). The June 3, 1999 incident described by the victim and her mother could have constituted aggravated sexual battery if the jury found that the defendant's contact with the victim's vagina was merely a touching and not an intrusion.[2]

In sum, a jury could have found that two of the reported incidents were rape of child and that one incident was either rape of a child or aggravated sexual battery. When a jury has heard evidence of several instances of criminal conduct, each of which could support a conviction for the indicted offenses, the trial court has an affirmative duty to require the state to elect which instance(s) the jury should consider during its deliberation. In an analogous case involving an appeal of a conviction for having carnal knowledge of a female child under twelve years of age, the Tennessee Supreme Court held "that it [is] the duty of the trial judge to require the State, at the close of its proof-in-chief, to elect the particular offense of carnal knowledge upon which it would rely for conviction, and to properly instruct the jury so that the verdict of every juror would be united on the one offense." Burlison v. State, 501 S.W.2d 801, 804 (Tenn. 1973). In Burlison, the state introduced several instances of the defendant's sexual abuse of the victim, and accordingly the supreme court held that the trial court erred by failing to require the state to make an election. Id. We find that this scenario is factually similar to the instant case, and accordingly find that the defendant is entitled to a new trial.

Moreover, although the defendant did not move for an election at the close at the state's proof-in-chief, Burlison states that a defendant's right to a unanimous jury verdict cannot be prejudiced by his failure to move for an election. Id. at 804. Furthermore, defense counsel made motions to exclude evidence and for a mistrial when the state sought to introduce evidence of additional allegations of sexual abuse other than those included in the indictment. Thus, we find that while the defense did not move for an election, through its motions for mistrial and corresponding arguments, the defense brought this issue to the attention of the prosecution and the trial court.

---

[2] Furthermore, as aggravated sexual battery is a lesser-included offense of rape of a child, see State v. Joey L. Salcido, No. M1999-00501-CCA-R3-CD, 2001 WL 227357 at *7 (Tenn. Crim. App. at Nashville, Mar. 8, 2001) (finding specifically that "[a]ggravated sexual battery is, therefore, a lesser-included offense of rape of a child"), the jury conceivably could have found that the either of the other two instances of sexual abuse were aggravated sexual battery, rather than rape of a child. Accordingly, we cannot determine which of the three instances the jury relied upon when finding the defendant guilty of aggravated sexual battery. Therefore, we must remand this case for a new trial on both counts of the indictment, rape of a child and aggravated sexual battery.

## Conclusion

For the foregoing reasons, we find that the defendant's issue on direct appeal warrants a new trial. Accordingly, the judgment of the lower court is REVERSED AND REMANDED for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE