IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs January 21, 2026

**STATE OF TENNESSEE v. SCOTT A. STINER**

**Appeal from the Criminal Court for Union County**
**No. 5481     Zachary R. Walden, Judge**

_____

**No. E2025-00538-CCA-R3-CD**

_____

STEVEN W. SWORD, J., concurring.

I agree with the majority in affirming the trial court's judgments and legal conclusions, save for one issue. I write separately to express my disagreement with the majority opinion regarding the trial court's decision to admit evidence of an uncharged sexual assault of a baby pursuant to Tennessee Rule of Evidence 404(b). I would find that the introduction of this evidence was in error; however, I would further find that the error was harmless in these circumstances and would affirm the convictions despite the error.

Rule of Evidence 404(b) is generally a rule of exclusion. *State v. Drinkard*, 909 S.W.2d 13, 16 (Tenn. Crim. App. 1995). As our supreme court has said,

> The rationale behind the general rule is that admission of other wrongs carries with it the inherent risk of the jury convicting a defendant of a crime based upon his or her bad character or propensity to commit a crime, rather than the strength of the proof of guilt on the specific charge. When the defendant's prior bad acts are similar to the crime for which the defendant is on trial, the risk of unfair prejudice is even higher. As this Court has consistently cautioned, the jury should not "be tempted to convict based upon a defendant's propensity to commit crimes rather than . . . evidence relating to the charged offense."

*State v. Dotson*, 254 S.W.3d 378, 387 (Tenn. 2008) (quoting *Spicer v. State*, 12 S.W.3d 438, 448 (Tenn. 2000)).

Here, the unindicted other bad act was very similar to the offenses on trial, perhaps even more egregious, if that were possible. The potential for a jury to use such similar other bad acts as propensity evidence is heightened in such a situation. *See State v. Rickman*, 876 S.W.2d 824, 828 (Tenn. 1994). Furthermore, Tennessee has rejected a "sex crimes exception" to the general rule of exclusion. *Id*. (citing *State v. Burchfield*, 664 S.W.2d 284, 287 (Tenn. 1984)). In *State v. Rickman*, our Supreme Court established a narrow exception where proof of multiple sex crimes falling within the non-specific time frame alleged in the indictment may be admitted. *Rickman*, 876 S.W.2d at 828. However, *Rickman* permitted testimony of the child victim concerning abuse upon that particular victim, not an unnamed third-party victim. *Id*. at 828-829. The reasoning behind the *Rickman* exception is based upon the fact that young victims are frequently unable to specify the date a particular offense was committed. *Id*. at 828. Thus, proof regarding the abuse of a different victim falls squarely outside of the *Rickman* rationale.

Here, the trial court determined that proof of this incident of abuse was relevant to establish that the incident created fear in one of the victims and to explain "why there may be inconsistencies in – or any reporting delay and it – and really just describing the impact on the victim and everything else. Further, it's also going to corroborate some of what [Carissa] Rudd will testify to, which the State probably needs that." However, the victim testified to being scared for reasons beyond witnessing the penetration of the baby, including being taken away from her mother if she disclosed that the Defendant sexually abused her. Such cumulative evidence further reduces the probative value of this testimony.

I would find that the trial court abused its discretion in admitting evidence of the abuse of the baby in that the danger of unfair prejudice outweighed the probative value of the evidence toward the stated material issue. *See* Tenn. R. Evid. 404(b)(4) ("The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice."). The abuse of the baby provided very little probative value to the issues presented in the trial. On the other hand, proof of a separate act of sexual penetration on an infant victim not named as a victim in the indictment carries a great danger that the jury could use proof of this horrendous act to convict the Defendant based upon his character. However, as stated above, I would further find that this error was harmless in light of the strong evidence of guilt in this case. Nonconstitutional errors such as this are subject to harmless error analysis under Tennessee Rule of Appellate Procedure 36(b). *See State v. James*, 81 S.W.3d 751, 763 (Tenn. 2002). The defendant bears the burden of showing that the error "more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. 36(b). In light of all of the other evidence in the trial, it

does not appear that the admission of this evidence affected the result of the trial on the merits.  Thus, I concur in affirming the judgments of the trial court.


s/ *Steven W. Sword*
Steven W. Sword, Judge