**STATE of Tennessee, Appellee,**

v.

**Donald C. McCARY, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

May 13, 1996.

Rehearing Denied July 8, 1996.

---

Bruce H. Guthrie, II, Chattanooga, Daniel G. Davis, Beverly Hills, CA, for Appellant.

Charles W. Burson, Attorney General and Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, Stanley J. Lanzo, Assistant District Attorney General, Chattanooga, for Appellee.

## OPINION

BIRCH, Justice.

The appellant, Donald C. McCary, was convicted of thirteen sex offenses: two counts of aggravated sexual battery,[1] three counts of rape,[2] six counts of statutory rape,[3] and two counts of sexual battery.[4] The trial court imposed the maximum sentence for each offense and ordered each to be served consecutively—an effective sentence of seventy-two years. The Court of Criminal Appeals affirmed the trial court's judgments. At issue is whether the trial court correctly admitted into evidence testimony concerning uncharged and unindicted sexual offenses committed by McCary several years prior to the date of the alleged commission of the offenses on trial.

We have carefully examined the record and thoughtfully considered the issue. We conclude that the evidence was erroneously admitted. Accordingly, the judgments of

---

1. Tenn.Code Ann. § 39–13–504 (1991).

2. Tenn.Code Ann. § 39–13–503 (1991).

3. Tenn.Code Ann. § 39–13–506 (1991).

4. Tenn.Code Ann. § 39–2–607 (Supp.1988). This provision was repealed by the 1989 Tennessee Criminal Sentencing Reform Act. The current sexual battery statute is codified at Tenn.Code Ann. § 39–13–505 (Supp.1995). The appellant was convicted under both statutes. One incident of sexual battery allegedly occurred on September 1, 1989. The Sentencing Reform Act did not become effective until November 1, 1989.

conviction are reversed, the sentences are vacated, and the cause is remanded for a trial in which the subject testimony shall not be admitted.

In light of the resolution reached, we will relate only those facts necessary to place the issue in proper perspective. In 1991, the appellant had been Minister of Music at a large Hixon church for many years. To his music ministry was added the responsibility for youth ministry. In this dual capacity, the appellant planned, led, and participated in virtually every church-sponsored youth activity.

Four boys, ranging in age from twelve to fifteen years at trial, testified concerning their respective sexual conduct in 1989 and 1991 with the appellant. While certain particulars varied, the appellant's conduct was, in the main, quite similar with each of the four boys. As members of the church, the boys participated in the youth choir directed by the appellant. The appellant "selected" them, respectively, for a "special friendship." This "special friendship" led to the appellant exposing the boys to pornographic magazines and videotapes. This exposure progressed to sexual advances by the appellant. Ultimately, the appellant engaged the boys in sexual activities. The sexual battery counts involve charges of fondling and other sexual contact; the rape counts involve charges that the appellant performed fellatio.

■ Specifically, the issue we address here concerns the admissibility of certain "other crime" evidence that surfaced in the State's case-in-chief during T.J.'s [5] testimony.[6] T.J., at trial a college student, testified that he formerly belonged to the appellant's youth group. He described in detail his sexual activities with the appellant that began when T.J. was approximately fifteen and continued through his twentieth birthday. These activities, as described by T.J., included viewing pornographic magazines and videotapes, kissing, fondling, and masturbating. The appellant had not been prosecuted for any conduct with T.J.

The appellant insists that the trial court erred in admitting T.J.'s testimony because it constituted evidence of other crimes not relevant to the offenses charged. He further contends that this testimony took on the character of "propensity evidence." Thus, argues the appellant, the testimony should have been excluded.

As noted by both the appellant and the State, resolution of this issue is controlled by Tenn.R.Evid. 404(b) and by *State v. Parton*, 694 S.W.2d 299 (Tenn.1985).

Rule 404(b) provides:

Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:

(1) The court upon request must hold a hearing outside the jury's presence;

(2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and

(3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

The Advisory Commission Comment to Rule 404(b) states:

The Commission drafted Part (b) in accord with the Supreme Court's pronouncements in *State v. Parton*, 694 S.W.2d 299 (Tenn. 1985). There the Court established precise procedures to emphasize that evidence of other crimes should usually be excluded. In the exceptional case where another crime is arguably relevant to an issue other than the accused's character—issues such as identity (including motive and common scheme or plan), intent, or rebuttal of accident or mistake—the trial judge must

---

5. In cases involving sexually oriented crimes the Court endeavors to withhold the identity of young victims when appropriate.

6. T.J.'s testimony concerning an admission the appellant made to him about appellant's sexual activity with one of the other boys is not at issue here. Its admissibility is conceded.

first excuse the jury. Then the judge must decide what material issue other than character forms a proper basis for relevancy. If the objecting party requests, the trial judge must state on the record the issue, the ruling, and the reason for ruling the evidence admissible. Finally, the judge must always weigh in the balance probative value and unfair prejudice. If the danger of unfair prejudice outweighs the probative value, the court should exclude the evidence even though it bears on a material issue aside from character. Finally, according to *Parton*, the trial judge must find that the evidence is "clear and convincing" that the defendant committed another crime.

Thus, in this context, Tennessee recognizes three instances in which evidence of uncharged crimes may be admissible: (1) to prove identity (including motive and common scheme or plan); (2) to prove intent; and (3) to rebut a claim of mistake or accident if asserted as a defense. Tenn.R.Evid. 404 (Advisory Comm'n Comments); *Parton*, 694 S.W.2d at 302 (quoting and reaffirming *Bunch v. State*, 605 S.W.2d 227, 229 (Tenn. 1980)).

None of the exceptions are present in this case. Identity was not a material issue here. Each of the victims was a member of the youth group directed by the appellant, and the closeness of his relationship with each of them was virtually conceded. As a matter of fact, the appellant denied having committed all of the acts charged and characterized his conduct, essentially, as non-criminal. Nor is T.J.'s testimony admissible to prove motive. Motive, in the context of the facts here, if material at all, would only become so were the appellant to make it material. He did not. The "common scheme or plan" exception, although recognized in Tennessee, is often misunderstood. As we expressed in *Parton*, it "is most often a vehicle for admitting other nearly identical crimes *when the identity of the defendant is in issue.*" 694 S.W.2d at 303 (emphasis added). As we have already concluded, identity was not a material issue in the case. Furthermore, T.J.'s

testimony was clearly not admissible to show intent. The charges here are aggravated sexual battery, sexual battery, rape, and statutory rape. Intent is not at issue here because it is not an element of either of these offenses. Finally, because the appellant did not assert accident or mistake as a defense, there was nothing to rebut. Hence, this exception has no application here. Thus, we reach the inescapable conclusion that the other crime evidence was inadmissible on any material issue in this case. Its character, therefore, was that of "propensity evidence"—a result condemned by *Parton* and Rule 404(b).

Because the charges here involve sexually oriented crimes, we take this opportunity to stress our holding in *State v. Rickman*, 876 S.W.2d 824 (Tenn.1994). In *Rickman*, we expressly rejected an invitation to establish a "sex crimes exception" to the general rule that evidence of uncharged crimes is inadmissible. We concluded: "Our re-examination of the authorities convinces us that the general rule, which excludes evidence of other crimes or bad acts as irrelevant and prejudicial when the defendant is on trial for a crime or act of the same character, remains sound." 876 S.W.2d at 829.

■ Moreover, the Tennessee Rules of Evidence, unlike the federal rules, establish several procedural prerequisites to the admissibility of other crime evidence. Tenn. R.Evid. 404(b).[7] Our rules require the trial court to hold a hearing outside the jury's presence to determine whether "a material issue exists other than conduct conforming with a character trait" to satisfy the relevancy requirement. *Id.* If this test is satisfied, the trial court must determine whether the probative value of the evidence outweighs the danger of unfair prejudice to the defendant. *Id.* Only if the probative value outweighs the danger of unfair prejudice should the evidence be admitted. We have also held that the trial court must find by clear and convincing evidence that the defendant committed the other crimes. *Parton*, 694 S.W.2d at 303 (citing *Wrather v. State*, 179 Tenn. 666, 169 S.W.2d 854 (1943)). Although de-

7. The procedure for determining the admissibility of evidence embodied in Tenn.R.Evid. 404(b) was first established by the Court in *Parton*, 694 S.W.2d at 303.

fense counsel in the present case properly raised this issue prior to the presentation of T.J.'s' testimony, the trial court failed to conduct a jury-out hearing to make the required determinations.

■ It is clear to us that T.J.'s' testimony was profoundly prejudicial to the appellant's case. By permitting T.J. to testify regarding his uncharged sexual conduct with the appellant, the trial court created an opportunity for the jury to infer, impermissibly, that because the appellant committed the uncharged acts, he must have committed those similar acts for which he was on trial. We cannot say that admission of this testimony was harmless error.

■ In the interest of judicial economy, we will address two evidentiary issues likely to recur should the case be retried; the first of these is the admissibility of the appellant's diary. On first-tier appeal, McCary contended that the trial court erred in admitting a diary containing entries made during 1981 and 1982. He urged that the entries were too remote to be relevant to the offenses charged. The diary includes expressions of his feelings for several young men; however, there are no explicit references to any sexual encounters. None of the young men named in the diary was a witness in the case on trial. Without addressing the merits of McCary's claim, the Court of Criminal Appeals held that "in view of the overwhelming weight of evidence, at most, any error would be harmless." We cannot agree. As Judge Gary R. Wade correctly noted in dissent, not only was this evidence too remote to the offenses charged, but it also constituted highly prejudicial "propensity" evidence which "suggested that the defendant was a sexual deviant."

The second of these remaining issues concerns the admissibility of certain pornographic magazines and videotapes seized during a search of the appellant's church office. Not only were the magazines and videotapes themselves introduced into evidence, but their contents were also displayed to the jury.

■ The admissibility of videotapes is governed by the standards defined in *State v.*

*Banks,* 564 S.W.2d 947, 951 (Tenn.1978) and Tenn.R.Evid. 403. *State v. Bigbee,* 885 S.W.2d 797, 807 (Tenn.1994); *State v. Van Tran,* 864 S.W.2d 465, 477 (Tenn.1993). Whether to admit such evidence is within the discretion of the trial court and will not be reversed absent a clear showing of an abuse of that discretion. *Id.* It is fundamental to the question of admissibility under Tenn. R.Evid. 401 that evidence must be relevant and probative to some issue at trial; the evidence must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn.R.Evid. 401. Additionally, Tenn.R.Evid. 403 provides that even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn.R.Evid. 403. These materials graphically portrayed various heterosexual and homosexual acts. As this Court has cautioned, "[s]hocking and horrifying the jury emotionally does not assist them in making a reasoned determination of how serious the crime is . . . ." *Banks,* 564 S.W.2d at 952.

The pornographic materials at issue here are of questionable relevance. Although the State promised to show the relevance of the evidence, it never did. Thus, while we suspect that it was error for the trial judge to permit the jurors to view the pornographic magazines and videotapes because they were unduly prejudicial, we cannot conclusively so find. The appellant moved pretrial to exclude this evidence urging that the probative value was outweighed by the risk of unfair prejudice. Written findings of fact and conclusions of law would have been of immeasurable assistance to us in this regard.

It is irrefutable that the cumulative effect of the evidence-based errors in this cause denied the appellant his fundamental right to a fair trial. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to the trial court for a new trial consistent with this opinion.

ANDERSON, C.J., and REID and WHITE, JJ., concur.

DROWOTA, J., dissents.

DROWOTA, Justice, dissenting.

I agree with the majority that T.J.'s testimony, regarding his prior sexual acts with the defendant, was erroneously admitted. I also agree that the trial court erred by admitting the defendant's diary into evidence. However, after reviewing the entire record, I cannot agree that these errors "more probably than not affected the judgment" under Tenn.R.App.P. 36(b). Therefore, I would conclude that they were harmless and affirm the judgment of the Court of Criminal Appeals and the trial court.

Cases involving the sexual abuse of minors often present troubling credibility issues: the most problematic situation is perhaps that in which a child makes unsupported allegations of sexual abuse against the adult and then recants or changes his or her story when confronted by a parent, teacher or law enforcement official about these allegations. *See e.g., State v. Bolin,* 922 S.W.2d 870 (Tenn.1996); *State v. Ballard,* 855 S.W.2d 557 (Tenn.1993); *State v. Anderson,* 880 S.W.2d 720 (Tenn.Crim.App.1994). When such charges are denied by the adult, judges and juries are often put in a quandary as to which party to believe; it is this type of situation that makes child sexual abuse cases among the most difficult of resolution.

In my opinion, however, the case before us does not present any such problems. On the contrary, the four minor victims here—none of whom appeared to have any reason to harm the defendant—all related remarkably similar, consistent stories of abuse by the defendant during a reasonably specific time frame. Not only did the victims' stories strongly corroborate one another, but they were also further buttressed by the admissible portion of T.J.'s testimony, in which he stated that the defendant told him about having sex with several boys, including two of the four victims.

Furthermore, the defendant admitted hugging and kissing the boys in an overly affectionate manner, as well as buying them extravagant gifts; he also admitted making the magazines and videotapes available to them. Finally, although the defendant denied engaging in sexual activity with the boys, he did not suggest any reason why they would falsely accuse him. Given the strength and consistency of the victims' testimony and the admissible portion of T.J.'s testimony,[1] coupled with the admissions made by the defendant, I have no doubt that the jury would have returned a verdict of guilty even without the erroneously admitted evidence. Since I believe that the evidentiary errors were harmless, I would affirm the judgment of the Court of Criminal Appeals and trial court.

---

**1.** Indeed, a majority of the Court of Criminal Appeals concluded that the State's evidence was "overwhelming" in this case.