IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE


| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | For Publication |
| | ) | |
| Plaintiff-Appellee, | ) | Filed: |
| | ) | |
| v. | ) | Williamson County |
| | ) | |
| JAMES DUBOSE, | ) | Hon. Henry Denmark Bell, Judge |
| | ) | |
| Defendant-Appellant. | ) | No. 01-S-01-9602-CC-00029 |

FILED

September 29, 1997

Cecil W. Crowson
Appellate Court Clerk

DISSENTING OPINION


The majority concludes that before the narrower test of Tenn. R. Evid. 404(b)[1] may be applied to other crime evidence, there must be proof that the other crime was committed by the defendant. With this conclusion I agree. Our point of difference is: in the absence of such proof the majority would apply the broader test of relevancy of Tenn. R. Evid. 401[2] and 402.[3] Because I do not agree with the latter application, I respectfully dissent.

---

[1]Rule 404 provides:

(b) Other Crimes Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes.

[2]Rule 401 provides:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

[3]Rule 402 provides:

All relevant evidence is admissible except as provided by the Constitution of the United States, the Constitution of Tennessee, these rules, or other rules or laws of general application in the courts of Tennessee. Evidence which is not relevant is not admissible.

Under the majority's reasoning, Rule 404(b) does not apply to the evidence of prior stomach injuries because the stomach injuries are not explicitly attributable to the defendant. Rather, the majority finds this evidence relevant to cause of death. The child died from a blow to the stomach, which caused internal bleeding, which led to death. The fact that scarring in the stomach cavity magnified the effect of the blow is, at best, slightly probative of the cause of death. Nevertheless, the trial court admitted extremely prejudicial evidence of the prior stomach injuries. The medical examiner testified that the child had "repeated" injury to the stomach, and she testified that the prior stomach injuries had been caused by a "very significant force." One purpose of this testimony was to imply that the defendant operated the "very significant force." Even if that was not the purpose for admission of the evidence, it was most certainly the result. Because this testimony implicates the defendant, it is evidence of prior acts under Rule 404(b) and should be measured against the standard provided therein.

To hold Rule 404(b) inapplicable in this case permits an "end run" around the general prohibition against prior crime evidence. In many instances, the connection between the prior crime and the defendant is the very reason the prosecution seeks to introduce the evidence. If Rule 404(b) were to apply only when the evidence in question specifically identifies the defendant as the person responsible, all the prosecution would need to do is be ambiguous and less forthright. If evidence that the defendant previously struck the victim is inadmissible because it is

propensity evidence, the prosecution need only adduce proof of the resulting injury, without naming the defendant, and invite the jury to draw its own conclusions. This result is not the intent of Rule 401, 402, or 404.

The majority also found the prior stomach injuries relevant because they demonstrate that the injuries were caused intentionally and not accidentally. However, this finding contradicts the previous finding that the evidence does not identify the defendant, rendering Rule 404 inapplicable. If the evidence neither identifies nor implicates the defendant, it can not possibly be probative of the defendant's intent or lack of accident.

The medical examiner also testified about prior injuries inflicted about the victim's body other than the stomach injuries. Because these injuries did not contribute to the victim's death, I am at odds with the majority's conclusion that such evidence was probative of the cause of death. Rather, the injuries indicate that someone had regularly abused the child. The obvious inference is the defendant was that someone. This evidence is clearly other crime evidence that should be governed by Rule 404(b).

In my view, the admissibility of <u>all</u> testimony regarding prior injuries is governed by Rule 404(b). The evidence of prior injuries tends to show that the fatal injury was inflicted by the defendant only by showing that he had a propensity to abuse the child. Because evidence of these injuries amounted to proof that

the defendant acted in conformity with previous conduct, in my opinion it is irrelevant and inadmissible.

According to Rule 404(b), "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes." Only in an exceptional case is another crime arguably relevant to an issue other than the accused's character. Rule 404 advisory commission comment; State v. Luellen, 867 S.W.2d 736, 740 (Tenn. Crim. App. 1992). Such exceptional cases occur when the prior act is relevant to identity (including motive and common scheme or plan), intent, and rebuttal of mistake or accident if asserted as a defense. Rule 404 advisory commission comment; State v. McCary, 922 S.W.2d 511, 514 (Tenn. 1996). None of the exceptions are present in this case.

First, the accident exception to Rule 404(b)'s exclusionary rule is not relevant. Prior bad acts may be admissible to disprove accident only if the defendant has asserted accident as a defense. Tenn. R. Evid. 404 advisory commission comments; McCary, 922 S.W.2d at 514. The defendant has not asserted accident as a defense because he has not claimed that he inflicted the fatal injury by accident. The defendant chose not to testify, but the substance of state and defense witness testimony reveals his defense: that he did not inflict the injury at all. Apparently, the defendant's theory is that the fatal injury must have occurred in a manner totally unrelated to the defendant--by

4

someone else's actions, whether accidental or intentional. When prior acts are admitted to disprove the defendant's assertion that he is wholly innocent, the only purpose those prior acts can serve is to show that since he did it before, he must have done again. This result is precisely what Rule 404(b) seeks to avoid.

Second, identity is not relevant here. Like the defendant in McCary, the defendant had a close relationship with the victim. Because the defendant has denied committing all of the acts charged, the question is not one of the defendant's identity. Instead, it is a question of his guilt or innocence. See McCary, 922 S.W.2d at 514. Furthermore, evidence of prior acts should be admitted to prove identity only when the acts are so similar in detail as to amount to a signature. Here, none of the injuries are similar enough to be the unique signature of one person.

Third, the defendant's intent is not an issue. Rather, the question is whether the defendant actually inflicted the injuries, not whether he intended to do so. Even if intent were at issue, the evidence of the prior head and stomach injuries cannot be probative of intent, since there is no showing that the defendant caused those injuries. Evidence of injuries from an unknown source cannot be indicative of the defendant's mental state.

Furthermore, even if the evidence of the prior injuries were relevant to a material issue other than the defendant's propensity to abuse the child, the evidence would still be

5

inadmissible. Before admitting any evidence of prior acts under Rule 404(b), a trial court must find by clear and convincing evidence that the defendant committed the other acts. Tenn. R. Evid. 404 advisory commission comment; <u>State v. Parton</u>, 694 S.W.2d 299, 303 (Tenn. 1985); <u>Wrather v. State</u>, 179 Tenn. 666, 169 S.W.2d 854, 858 (1943). In <u>Wrather</u>, the Court held:

> Obviously, an absolute essential is that (1) a former crime has been committed, and (2) committed by the identical person on trial. Only thus can identification, or other proof of guilt, of the accused in the pending case be aided by evidence of the independent crime. <u>And this limitation upon admissibility applies equally to all the exceptions to the general rule excluding evidence of other crimes, whether introduced to prove identity, or for any other purpose</u>.

<u>Id.</u> (emphasis added). In other words, the connection between the defendant and the prior bad acts must be clear and convincing in addition to the other requirements of Rule 404(b).

Here, the evidence that the defendant actually inflicted the prior injuries is neither clear nor convincing. The child's mother and an emergency room physician testified to a <u>suspicion</u> that the defendant caused the hand injury. However, the physician testified that the smashed fingers could have occurred accidentally. The child's mother testified that the defendant consistently denied the accusation of abuse and that she later believed him. The only undisputed fact is that the child was in the care of the defendant when the hand injury occurred. This fact

6

alone is not clear and convincing evidence that the defendant inflicted the injury. With respect to the medical examiner's testimony about prior injuries to the stomach, head, and other parts of the child's body, absolutely no proof was admitted that attributed those injuries to the defendant.

As a final note, I find it confusing that the trial court excluded evidence that the defendant hit the child in the head, stuck his finger down the child's throat, and stuck the child with a pin, while admitting evidence of the smashed fingers. It would seem that if the other acts were irrelevant and prejudicial, the finger-smashing incident was also. Thus, I am unable to understand how the finger-smashing incident is more probative of intent and accident than those other acts.

In conclusion, the testimony of the medical examiner, the emergency room physician and the child's mother regarding prior injuries was unfairly prejudicial to the defendant. Any minimal probative value was clearly outweighed by the prejudicial inference such evidence invites. The State's case was largely circumstantial, with no direct evidence linking the defendant to the fatal injury. By admitting evidence of the prior injuries, the trial court allowed the jury to link the defendant to the victim's death by an impermissible inference: that because the defendant may have caused injuries before, he must have caused the fatal injury.

_____
ADOLPHO A. BIRCH, JR., Justice