IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 27, 2001 Session

## STATE OF TENNESSEE v. FREDERICK H. GONZALES, JR.

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-699-210     Donald P. Harris, Judge**

_____

**No. M2000-03219-CCA-R3-CD - Filed October 29, 2002**

_____

A Williamson County jury convicted the defendant, Frederick H. Gonzales, Jr., of selling cocaine in an amount of .5 grams or more and assessed a fine of $50,000. The trial court sentenced the defendant to serve nine years as a Range I offender and reduced his fine to $5,000. The defendant now brings this appeal, challenging the trial court's failure to grant his motion for new trial on the basis that (1) evidence of a prior bad act committed by the defendant was improperly admitted at trial and that (2) the state improperly referred to the defendant's failure to call witnesses in closing arguments. Because we find that (1) the defendant opened the door to the prior bad act testimony and waived this issue by failing to object at trial and that (2) the prosecutor's reference to missing witnesses was harmless error, we affirm the judgment of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Tony L. Maples, Murfreesboro, Tennessee, for the appellant, Frederick H. Gonzales, Jr.

Paul G. Summers, Attorney General & Reporter; T. E. Williams, III, Assistant Attorney General; Ron Davis, District Attorney General; and Mary K. Garvey, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

Ms. Vicky Wilsford, a friend of the defendant's, agreed to be an informant for the police and to wear a wire during an arranged cocaine sale with the defendant. Ms. Wilsford testified that she performed this favor for the police out of civic duty and because her niece, while with the defendant, had ingested cocaine and therefore had to receive medical attention. Ms. Wilsford was paid for her services. On the night of the scheduled deal, the defendant arrived at Ms. Wilsford's house early,

and therefore the police had to search and wire Ms. Wilsford at the police station. While en route to the deal, Ms. Wilsford apparently got lost, and the police lost contact with her for 20-30 minutes. The deal proceeded as planned and the defendant sold Ms. Wilsford cocaine later that evening. While much of the cocaine sale was tape-recorded, the police never got a visual identification of the defendant. After hearing this and additional proof, the jury convicted the defendant.

As aforementioned, the defendant received a nine-year sentence and $5,000 fine, and he is appealing his conviction on the basis of the trial court's admission of testimony regarding one of his prior bad acts and the prosecutor's reference to a missing witness. After reviewing the record and applicable law, we find that none of these issues merit relief and accordingly affirm the defendant's convictions.

## Prior Bad Act Testimony

The defendant complains that the trial court erroneously refused to grant his motion for a new trial on the basis of improperly admitted testimony regarding his prior bad act. At trial Ms. Wilsford testified that she was motivated to cooperate with the police in order to secure the defendant's arrest because the defendant was responsible for her niece having ingested cocaine, which had resulted in her niece receiving hospital care. The defendant argues that this evidence of a prior bad act should not have been admitted because it was irrelevant and introduced solely to bolster Ms. Wilsford's credibility. The defendant argues that Ms. Wilsford's motivation for cooperating with police had not been called into question nor had her character been attacked at the time of this testimony. The defendant further argues that even if this evidence were relevant, it should not have been admitted because it was unduly prejudicial. Finally the defendant alleges that the prejudicial nature of this testimony was compounded by the prosecutor's reference to it during closing arguments. The state counters the defendant's argument by contending that the defendant himself opened the door to this testimony, which was admissible to rehabilitate Ms. Wilsford's character. Furthermore, the state also alleges that the defendant has waived this issue on appeal because he failed to object to the contested testimony at trial.

Evidence of a defendant's prior crimes, wrongs, or acts is generally not admissible to prove that he committed the crime in question. See Tenn. R. Evid. 404. Such evidence carries the inherent risk of the jury convicting the defendant of a crime based upon his bad character or propensity to commit a crime, rather than the strength of the evidence. See State v. Rickman, 876 S.W.2d 824, 828 (Tenn. 1994). The risk is greater when the prior bad acts are similar to the crime for which the defendant is on trial. See id. However, Tennessee Rule of Evidence 404(b) states that evidence of prior crimes, wrongs, or acts may be admissible when it is probative of material issues other than conduct conforming with a character trait. Evidence of a defendant's criminal character is admissible to prove: (1) the use of "motive and common scheme or plan" to establish identity, (2) to establish the defendant's intent in committing the offense on trial, and (3) to "rebut a claim of mistake or accident if asserted as a defense." State v. McCary, 922 S.W.2d 511, 514 (Tenn. 1996).

In order to admit such evidence, a trial court must, upon request, hold a hearing outside the jury's presence and determine that a material issue exists that does not concern conduct conforming with a character trait. See Tenn. R. Evid. 404(b). The trial court must also, upon request, state on

the record the material issue, the ruling, and the reasons for admitting the evidence. See id. Additionally, the trial court must determine that the probative value of the evidence outweighs the danger of unfair prejudice. Id. If the trial court follows the procedure set forth in Rule 404(b), an appellate court may only disturb the trial court's decision upon a finding of an abuse of discretion. See State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997).

In the instant case, the defendant failed to object to Ms. Wilsford's testimony that he was responsible for a child ingesting cocaine and to request a hearing to determine the admissibility of this evidence. It is a well-established rule that a defendant's failure to timely object and call this issue to the trial court's attention constitutes a waiver of appellate review of the issue. See Tenn. R. App. P. 36(a); State v. Hall, 8 S.W.3d 593, 603 (Tenn. 1999); State v. Thornton, 10 S.W.3d 229, 234 (Tenn. Crim. App. 1999). Accordingly, this issue is waived.[1] Moreover, we agree with the state that the defendant opened the door to Ms. Wilsford's testimony regarding her motivation for cooperating with the police by raising the issue while questioning another witness. Specifically, defense counsel asked a testifying police officer what the officer believed Ms. Wilsford's motivation for assisting the police to be. The officer testified that he believed that she was compensated for her assistance and that she may have been motivated out of concern for her family members. Counsel then went on to ask the officer if he had knowledge of an alleged sexual relationship between Ms. Wilsford and the defendant. We find that the defendant cannot now complain that Ms. Wilsford's testimony regarding her motivation for assisting police was improper bolstering of her credibility when defense counsel raised the issue of her credibility when questioning another witness. See, e.g., State v. Harry Muse Jones, III, No. 03C01-9312-CR-00402, 1995 Tenn. Crim. App. LEXIS 827, at *19-*21 (Tenn. Crim. App. at Knoxville, Oct. 4, 1995) (finding that the defendant opened the door to prior bad act testimony). For the reasons outlined above, we find that this issue lacks merit.


## Reference to Missing Witnesses


The defendant argues that the trial court erroneously refused to grant his motion for new trial on the basis that the prosecutor made an impermissible reference during closing arguments to "missing witnesses," i.e. persons whose testimony the defendant alleged would have been exculpatory, but whom the defendant did not call as witnesses at trial. During trial, the defendant's alibi witness, Beth Zanolini, testified that she and three other individuals were with the defendant on the night that the defendant allegedly sold Ms. Wilsford cocaine. During closing arguments, the prosecutor argued that the jury could draw an inference from the defendant's failure to call these three witnesses to testify and corroborate his alibi. Defense counsel objected to the prosecutor's reference to these missing witnesses, and the trial court sustained the objection. At the close of the

---

[1] In reference to the defendant's complaint that the prosecuting attorney made an improper reference to Ms. Wilsford's alleged motivation for cooperating with police during closing arguments, we note that the defendant failed to object to the prosecutor's comment in this context, as well, and has accordingly waived this issue. See Tenn. R. App. P. 36(a); Hall, 8 S.W.3d at 603; Thornton, 10 S.W.3d at 234. Moreover, as discussed infra, we find that the defendant opened the door to this testimony by raising the issue of Ms. Wilsford's motivation during the examination of another witness.

prosecutor's argument, the defendant requested a curative instruction, and the trial court instructed the jury as follows:

> During arguments of counsel, there was an objection made to one of the arguments, and I would tell you that before an attorney can argue that there's a witness who should have been called in a case, there has to be proof admitted into evidence that, first of all, that witness was available to testify or was subject to the subpoena power of this court, and that's the reason I stopped that part of [the prosecutor's argument], was because that had been said. Is that sufficient? [nodding to counsel]

The defendant argues that this curative instruction is deficient because it does not instruct the jury to disregard the prosecutor's reference to the missing witnesses, but instead merely informs the jury that the prosecutor referred to the missing witnesses without first establishing that the witnesses were available to testify at trial. The state concedes that the prosecutor improperly referred to several missing witnesses in her closing arguments, but contends that such error was harmless. The state also notes that the defendant approved of the trial court's proposed curative instruction before the court gave the instruction to the jury.

The law regarding the appropriate circumstances for giving the "missing witness" instruction was explained by our supreme court in State v. Francis, 669 S.W.2d 85 (Tenn. 1984).

> This Court has held that a party may comment about an absent witness when the evidence shows that "[1] the witness had knowledge of material facts, [2] that a relationship exists between the witness and the party that would naturally incline the witness to favor the party and [3] that the missing witness was available to the process of the Court for trial." Delk v. State, 590 S.W.2d 435, 440 (Tenn. 1979). . . . The mere fact that a party fails to produce a particular person who may have some knowledge of the facts involved does not justify application of the inference against him. However, when it can be said "with reasonable assurance that it would have been natural for a party to have called the absent witness but for some apprehension about his testimony," an inference may be drawn by the jury that the testimony would have been unfavorable. Burgess v. United States, 440 F.2d 226, 237 (D.C. Cir. 1970).

669 S.W.2d at 88-89 (footnote omitted). When determining whether an improper reference to a missing witness prejudiced the defendant, Francis instructs us to consider the following:

> 1. The conduct complained of viewed in context and in light of the facts and circumstances of the case.
> 2. The curative measures undertaken by the court and the prosecution.
> 3. The intent of the prosecution in making the improper statement.
> 4. The cumulative effect of the improper conduct and any other errors in the record.
> 5. The relative strength or weakness of the case.

Id. at 91 (quoting Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976)).

-4-

Applying these factors in our analysis of this case, we find that the prosecutorial reference to the missing witnesses in closing arguments was not inflammatory or unduly prejudicial to the defendant. The evidence against the defendant was relatively strong, consisting of testimony of an eye-witness to the transaction, Ms. Wilsford, and a tape-recording of the transaction, which includes a voice positively identified as the defendant's. Moreover, while we cannot surmise the prosecutor's intent when making an improper reference to missing witnesses, we note that once the defendant objected to her comments, she abandoned that line of argument. Furthermore, the trial court gave the curative instruction, quoted above, at the defendant's request, and while the defendant now complains that the instruction was incomplete, we note that counsel approved the instruction when the court asked him if the instruction was satisfactory. Finally, we note that the defendant's trial was not replete with errors; thus, no actual risk of an unjust cumulative prejudicial effect on the defendant existed. Thus, we conclude that the prosecutorial reference to missing witnesses was harmless error. Therefore, this issue does not merit relief.

## **Conclusion**

For the foregoing reasons, we find that none of the defendant's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

 

 

_____
JERRY L. SMITH, JUDGE