IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 1, 2006 Session

## STATE OF TENNESSEE v. STEVEN THOMAS GEYER AND TAMMY SYVILLA GEYER

Appeal from the Circuit Court for Hardeman County
No. 05-01-0062     J. Weber McCraw, Judge

No. W2005-02697-CCA-R3-CD  - Filed December 12, 2006

The Appellants, Steven Thomas Geyer and his wife, Tammy Syvilla Geyer, were convicted by a Hardeman County jury of multiple offenses arising during the drive home from their children's school Christmas pageant. Appellant Steven Geyer was convicted of DUI, child endangerment, and driving on a suspended license. Appellant Tammy Geyer was convicted of reckless endangerment. On appeal, the Appellants raise three issues for review: (1) whether the trial court erred by prohibiting the Appellant's questioning of a witness regarding an obsolete law; (2) whether the trial court erred in excluding a defense photograph due to the Appellants' failure to comply with the reciprocal discovery requirements of Rule 16, Tenn. R. Crim. P.; and (3) whether the trial court erred by not filing a written order on a pre-trial Rule 16 discovery motion. After a review of the record, we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Wayne T. DeWees, Bolivar, Tennessee, for the Appellants, Steven Thomas Geyer and Tammy Syvilla Geyer.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Joe VanDyke, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

This appeal arises out of a two-day trial, which resulted in Appellant Steven Geyer's convictions for driving under the influence, child endangerment, and driving on a suspended license, and Appellant Tammy Geyer's conviction for reckless endangerment. On December 17, 2004, the

Hornsby Elementary School produced a Christmas pageant, and the Appellants' three children were in the performance. The Appellants were present in the audience for the Christmas program, and five witnesses testified that there was an "odor of alcohol" around the Appellants. Lori McKinney, one of the witnesses present, reported her concerns to Deputy Rick Chandler, who was also present at the Christmas pageant to see his children in the program. Deputy Chandler smelled a strong odor of alcohol coming from Appellant Steven Geyer's area. After the program was over, Deputy Chandler went to get his partner, but, upon return, the Appellants had already left the auditorium.

Deputy Chandler saw the Appellants and their family getting into a van in a neighboring parking lot. Chandler pursued and eventually effected a stop of the van. Appellant Steven Geyer advised the deputy that he had been drinking since 8:00 A.M. Appellant Tammy Geyer was in the passenger seat, and their three children, age eight, and twins, age six, were in the rear seat. Appellant Steven Geyer was requested to perform field sobriety tests and had difficulty completing the tests. Deputy Mark McKenzie watched as Appellant Steven Geyer performed the field sobriety tests and concluded that he was impaired.

Deputy Chandler also talked to Appellant Tammy Geyer, and he recognized that her speech pattern was different than usual. She told Chandler that she was aware that her husband had been drinking when she placed their children in the van. Based upon these observations, the Appellants were placed in custody.

At the sheriff's department, Appellant Steven Geyer submitted to a breathalyzer test, with the test results recording a .12 percent blood alcohol level. Appellant Steven Geyer stated he had drunk three or four beers around 11:30 A.M., and the breathalyzer test was administered at 3:46 P.M. Appellant Tammy Geyer testified that she had been drinking the night before but had not drunk anything that morning. Her breathalyzer test recorded a .22 percent blood alcohol level.

Based upon these facts, Appellant Steven Geyer was charged with violation of Tennessee Code Annotated section 55-10-401(a)(1), driving while under the influence of an intoxicant. Additionally, he was charged with child endangerment based upon his committing DUI while accompanied by a child under thirteen years of age, *see* T.C.A. § 55-10-414 (2004) (repealed July 2005), and driving on a suspended license. Appellant Tammy Geyer was charged with reckless endangerment based upon her conduct of placing her children "in imminent danger of death or serious bodily injury." T.C.A. § 39-13-103 (2003).

The jury deliberated for twenty-one minutes and found Appellant Steven Geyer guilty of DUI, child endangerment, and driving on a suspended license, and found Appellant Tammy Geyer guilty of reckless endangerment, all misdemeanor offenses.

**Analysis**

As a preliminary matter, we note that the Appellants have failed to cite to the record, which permits waiver of the issues raised in this appeal. Tenn. Ct. Crim. App. R. 10(b) ("Issues which are

not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Nevertheless, in the interest of justice, we elect to address the Appellants' issues.

## I. Exclusion of Testimony Regarding Obsolete Standard

The Appellants assert that the trial court abused its discretion when it sustained the State's objection to their questions regarding whether the previous DUI statute required the State to prove that a defendant had a breath alcohol level of .10 in order to raise an inference that a defendant was under the influence of alcohol. Apparently, the Appellants sought to show that the threshold level from which an inference could be drawn had decreased over time from .15 to .10 to the current level of .08. Appellant Steven Geyer's breath alcohol level was .12.

Prior to July 1, 2003, the DUI statute prohibited driving while a person's breath alcohol level was .10 or greater. However, the Appellants' offenses occurred in December, 2004, and the law that was in effect at that time provided that "evidence . . . [of] (.08%) or more by weight of alcohol in the defendant's blood shall create a presumption that the defendant's ability to drive was sufficiently impaired . . . ." T.C.A. § 55-10-408 (2003).

The State's objection arose during the cross-examination of Special Agent Robert Marshall, a forensic scientist with the Tennessee Bureau of Investigations. Agent Marshall was qualified as an expert witness regarding both blood and breath alcohol analysis, as well as in the intoximeter's use. The pertinent testimony is reproduced below:

> [Robert Marshall]: . . . So tolerance plays a big factor on your results, but scientific studies and also studies that we have seen when you're at .08, it will affect your critical judgment and reaction time.
> [Defense Counsel]: That's .08. Now, that's the law at this time, right?
> [Robert Marshall]: Yes sir, but that's also .08 or above, and in certain individuals, depending on tolerance, you can see effects at .04.
> [Defense Counsel]: All right. And last July, the same theory – law was .10; right?
> [Prosecutor]: Object to the relevance of that, Your Honor.
> . . . .
> [Defense Counsel]: I'm trying to show that the law has been changing all the way down and the same theory has been holding forth on why we should have .02 – I mean, .10, .12, .15 –
> [The Court]: All right. The objection will be sustained. I sustain the objection.

In order for evidence to be admissible, it must be relevant and probative to an issue at trial. *State v. McCary*, 922 S.W.2d 511, 515 (Tenn. 1996); *see also* Tenn. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. The determination of relevancy is left to the discretion of the trial court, and this

court will not overturn a trial court's determination in this regard in the absence of an abuse of discretion. *State v. Forbes*, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995).

We conclude the trial court did not abuse its discretion when it prohibited the Appellants from presenting proof that, in the past, a jury could not draw an inference that a defendant was intoxicated unless he registered a breath alcohol level of .10. This evidence was irrelevant to the issue of the Appellants' guilt.

## II. Exclusion of A Photograph

The Appellants' second issue, which address the reciprocal discovery requirements of Rule 16., Tenn. R. Crim. P., is presented as follows:

> The Court erred in allowing the State to allow and mark for identification purposes only certain photographs and a graph used to illuminate and clarify defendant's testimony upon direct examination, while the Court did not allow all of the defendant's photographs to be used. Defendant argues that these exhibits were not introduced as *evidence in chief* and were not subject to the rules and provisions of Reciprocal Discovery as provided in Rule 16(b)(1)(1), Tennessee Rules of Criminal Procedure.

(emphasis added). This argument is inaptly framed as the record clearly establishes that only one photograph offered for introduction at trial by the defense was excluded by the trial court. Accordingly, we address exclusion of the single photograph.

A procedural review of the discovery proceedings by the trial court is necessary for the development of this issue. At the Appellants' arraignment on May 3, 2005, they were provided a copy of their indictments and a "Pre-Trial Order," which contained a scheduling order and the following discovery order:

> DISCOVERY: It is hereby ORDERED by the Court that the Defendant is granted discovery pursuant to Rule 16, Tennessee Rules of Criminal Procedure. The State will provide discovery before June 15, 2005. It shall not be necessary that a formal Motion seeking discovery be filed. If the State fails to provide discovery as so ordered or if there is a dispute regarding any discoverable item, the Court will rule upon the filing of an applicable Motion, which can be heard by permission on any date by contacting the Court for a setting. Pursuant to Rule 16, Tennessee Rules of Criminal Procedure, there shall exist a continuing duty to disclose discoverable items of evidence.

No motion for Rule 16 discovery was filed by the Appellants, as it is obvious from the court's order that such motion was not necessary.

On May 23, 2005, the State filed an "Answer to Motion to Discovery" in each of the Appellants' cases and stated that it would make available any discoverable materials, by appointment, during any weekday.[1] The State also filed a "Motion for Reciprocal Discovery" which requested, in pertinent part, "[t]hat the defendant permit the State to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial" as authorized by Rule 16(b)(1)(A), Tenn. R. Crim. P.

During the defense evidence in chief, defense counsel passed a "diagram" and three photographs, which included the photograph at issue, to the Appellant for identification purposes. The prosecutor objected to the admission of the proffered items into evidence because "reciprocal discovery was demanded," and the Appellant had not complied. After lengthy argument on the issue, the trial court excluded all of the proffered items of evidence based upon the Appellants' noncompliance with the reciprocal discovery provisions of Rule 16. Following this ruling, a second discussion of the issue ensued with the State withdrawing its objection to the admission of two of the photographs and the diagram.

At this juncture, we are constrained to note that a trial court is without authority to grant discovery unless a request is made by a defendant. Each provision of Rule 16 granting the right to discovery of a specified nature, *i.e.*, 16(1)(A), (B), (C), and (D), prefaces the right with the language "upon request by a defendant . . . ." The rationale for the inclusion of this language in the rule is that the defendant may prefer, for tactical reasons, not to expose what would be available to the State through the reciprocal requirement procedures of Rule 16 if discovery is requested by the defendant. Accordingly, any such practice by the trial court in granting *carte blanche* discovery to a defendant when none is requested should be discontinued.

The procedural requirements for discovery are concisely stated as follows:

> As prerequisites for discovery under either subsection, the defense must have requested disclosure of comparable materials in the possession of the government, and the government must have complied with the requests. Thus, if the defendant desires to avoid discovery he may refrain from requesting discovery of similar material from the government.

2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 255 fn.12 (3d. ed. 2000). In summary:

> If defendant has requested and obtained any discovery whatever under either subdivision (C) or (D) of Rule 16(a)(1), this is enough to trigger a reciprocal right in the prosecution and the defendant is required to make available, on request by the

---

[1]The caption "Answer" appears to be simply responding to the trial court's directive granting the Appellants full discovery under Rule 16.

government, any materials of the kinds described in subdivisions (A) and (B) of Rule 16(b)(1). If defendant invokes only subdivisions (A) and (B) of Rule 16(a)(1), and requests discovery only of his own statements and prior records, the prosecution has no right of discovery.

WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 255.

Accordingly, we conclude that the trial court erred in ordering the Appellants to provide reciprocal discovery which involved only the one photograph. Thus, it was error to exclude the photograph.

Notwithstanding error in the exclusion of the photograph and the Appellants' failure to include the photograph in the record through an offer of proof, the undisputed facts developed at trial establish that the photograph depicted merely "a parking lot." Indeed, the State's argument at trial was premised on the ground that the photograph was "totally irrelevant." Accordingly, we conclude that, although exclusion of the photograph was not warranted by Rule 16, its exclusion was harmless beyond a reasonable doubt. Tenn. R. Crim. P. Rule 52(a).

## III. Responsibility For Filing Written Order on Pre-Trial Hearing

The Appellants assert that "[t]he [Trial] Court erred in not filing a written [order] . . . which left the ruling of Defendant's Motion to Quash Reciprocal Discovery open to further interpretation by the Court at a later date." Following the State's motion for reciprocal discovery, Appellant Steven Geyer filed a "Motion to Quash" upon grounds that disclosure would violate the work product doctrine and his Fifth and Sixth Amendment constitutional rights.[2] Both the State and the Appellant agree that the trial court conducted a hearing on the motion. Both, however, have a different recollection of the trial court's ruling, as both contend they prevailed at the hearing. The trial court has no recollection of the hearing or its ruling. No written order was entered.

This issue is governed by Tenn. R. Crim. P. 12(e), which provides:

A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

_____

[2]As an aside we would observe that "[t]he privilege against self-incrimination, like other great constitutional rights, may be waived, and there is force in the view that, as a condition to obtaining the benefits of discovery from the government, defendant must first waive this constitutional privilege to the extent of the limited discovery by the government that Rule 16(b) allows." WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 256. Thus, reciprocal discovery is central to the argument supporting the constitutionality of the rule.

We agree with the State that, while the better practice would be for the trial court to make written findings on contested pretrial motions by way of an order, such is not required by Rule 12(e). Rule 12(g), Tenn. R. Crim. P., requires that "a verbatim record shall be made of all proceedings at the hearing, including such findings of fact and conclusions of law as are made orally." In the absence of proof to the contrary, we must presume that the trial court followed the rule and that a "verbatim record" was made. Because the Appellant failed to have the trial court's ruling transcribed and included in the record, this issue is waived. *See State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992).

## CONCLUSION

Based on the foregoing, the judgments of the Hardeman County Circuit Court are affirmed.

_____
DAVID G. HAYES, JUDGE