# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 17, 2011 Session

## STATE OF TENNESSEE v. MATTHEW WHITEHAIR

**Appeal from the Circuit Court for Rutherford County**
**No. F-64154    David Bragg, Judge**

---

**No.  M2010-02415-CCA-R3-CD - Filed March 9, 2012**

---

The Rutherford County Grand Jury indicted Defendant, Matthew Whitehair, for three counts of rape of a child, two counts of rape, eight counts of incest, three counts of statutory rape by an authority figure, and one count of sexual battery by an authority figure.  During the investigation of the case, officers interviewed Defendant at the police station and videotaped the interview.  Prior to trial, Defendant filed a motion to suppress the videotaped interview. After a hearing, the trial court granted Defendant's motion to suppress.  The trial court held that the videotape was not relevant because Defendant's answers were ambiguous. Following the granting of the motion to suppress the State moved the trial court for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9.  The trial court denied this motion and the State applied in this Court for an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10.  This Court granted the State's application solely on the basis that the trial court acted arbitrarily in denying the application for a Rule 9 appeal.  This Court did not address the merits of the granting of the motion to suppress. On appeal, the State argues that the trial court erred.  We have reviewed the record on appeal and conclude that the trial court did not abuse its discretion in granting the motion to suppress.  Therefore, we affirm the trial court's decision to grant Defendant's motion to suppress.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DONALD P. HARRIS, SR. J. , joined.

D. Brock East, Murfreesboro, Tennessee, for the appellee, Matthew Whitehair.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William Whitesell, District Attorney General; and Laural Heminway, Assistant District Attorney General, for the appellant, State of Tennessee.

# OPINION

## *Factual Background*

Detective Wayne Lawson received a call originating with the Department of Children's Services ("DCS") that there had been inappropriate behavior between the victim and Defendant. Because Detective Lawson knew Defendant through coaching their sons in football, Detective Lawson called Detective Tommy Roberts to accompany him to Defendant's house.

When the officers knocked on the door, Defendant answered. They told Defendant that they needed to speak with the victim. Defendant pointed to her bedroom. Detective Roberts proceeded to the victim's room and spoke with her.

Detective Lawson remained in the main part of the house with Defendant. Defendant did not ask why the officers were at the house or why they wanted to speak with the victim. Detective Lawson told Defendant that they had received a complaint from DCS that there had been inappropriate behavior between Defendant and the victim. Detective Lawson asked Defendant if the allegations were true. Defendant responded that they "shouldn't be." Detective Lawson asked, "Is there anything to it?" Defendant responded, "There shouldn't be." Defendant never directly denied the accusations. Detective Lawson testified that he was with Defendant for no longer than fifteen minutes.

When Detective Roberts finished speaking with the victim, he pulled Detective Lawson aside and told him they needed to take the victim to the station for a better statement. Detective Lawson told Defendant they needed to take the victim to the station and that he was free to come to the station if that is what he wanted to do. The victim was brought to the station in a marked police car. Defendant drove himself to the station and brought his minor son with him.

The officers interviewed the victim for about fifteen to thirty minutes. After interviewing the victim, the officers took Defendant into an interview room equipped with audio and video equipment. They proceeded to videotape an interview of Defendant. Initially, they advised Defendant of his *Miranda* rights. During the interview, the officers asked Defendant if he had sexual relations with the victim. Defendant replied that he did not know how to answer them and that he did not care to comment on the allegations. After a brief time, Defendant requested an attorney and the interview ended.

-2-

On February 1, 2010, the Rutherford County Grand Jury indicted Defendant for three counts of rape of a child, two counts of rape, eight counts of incest, three counts of statutory rape by an authority figure, and one count of sexual battery by an authority figure.

On September 28, 2010, Defendant filed a motion to suppress the videotape of the interview. In his motion, Appellant argued that the videotaped statement should be suppressed because it was not relevant and should be excluded pursuant to Rule 402 of the Tennessee Rules of Evidence. In the alternative, Appellant argued that if the videotaped statement was relevant, the prejudicial effect of the evidence outweighs its probative value and should be excluded pursuant to Rule 403 of the Tennessee Rules of Evidence. On October 18 and 21, 2010, the trial court filed an order and an amended order granting Defendant's motion to suppress. The trial court made the following findings:

> **Motion to Suppress Defendant's Video Statements**. Granted. Under Tennessee Rule of Evidence 402, evidence which is not relevant is not admissible. Here, the video statement offered by the State contains two minutes of an empty room, five minutes of the Defendant and his minor son sitting in the interview room waiting for officers to appear, two minutes of the officers and the Defendant going over the *Miranda* rights, and about seven minutes of interaction between the interrogating officers and the Defendant where the officers repeat the allegations of the alleged victim and the Defendant states he doesn't know how to answer. At the seventeen minute mark Defendant invokes his right to remain silent and asks for an attorney.

> The statements of the officers include unfounded statements asserting the Defendant's guilt of the alleged victim's accusations. The Defendant does not admit, deny, acquiesce or remain silent. His responses to the interrogating officers' accusations are ambiguous. The video contains unsupported assertions of the Defendant's guilt based on his appearance or failure to answer or deny the accusations.

> The Court finds the video statement of Defendant to be irrelevant in that it has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

> Further, if any of the video statement were arguably relevant, the statements of the interrogating officers require it to be excluded because of the dangers of unfair prejudice, confusion of the issues and misleading the jury as

described in Tennessee Rule of Evidence 403. For these reasons the Court grants Defendant's motion.

On November 23, 2010, the State filed an application to appeal under Rule 10 of the Tennessee Rules of Appellate Procedure. On November 30, 2010, this Court granted the application.

## ANALYSIS

On appeal, the State argues that the trial court erred in granting Defendant's motion to suppress his video statement. Defendant argues that the trial court did not err.

"This Court will uphold a trial court's findings of fact in a suppression hearing unless the evidence preponderates otherwise." *State v. Hayes*, 188 S.W.3d 505, 510 (Tenn. 2006) (citing *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). On appeal, "[t]he prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. Our review of a trial court's application of law to the facts is de novo, with no presumption of correctness. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001) (citing *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997)). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions, and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). Further, we note that "in evaluating the correctness of a trial court's ruling on a pretrial motion to suppress, appellate courts may consider the proof adduced both at the suppression hearing and at trial." *State v. Henning*, 975 S.W.2d 290, 299 (Tenn. 1998).

In order to determine whether to grant the motion to suppress, the trial court had to conclude whether Defendant's videotaped statement was relevant at trial. In order to be admissible, evidence must be relevant and probative to an issue at trial. *State v. McCary*, 922 S.W.2d 511, 515 (Tenn. 1996); *see also* Tenn. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. However, relevant evidence may be excluded at trial if the probative value of that evidence "is substantially outweighed . . . by considerations of undue delay, waste of

time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403. The determination of relevancy is left to the discretion of the trial court, and this Court will not overturn a trial court's determination in this regard in the absence of an abuse of discretion. *State v. Forbes*, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995).

We have reviewed the videotaped statement and agree with the trial court that when questioned by the officers Defendant did not "admit, deny, acquiesce, or remain silent." His answers were ambiguous at best. At one point, Defendant discussed with the officers that he knew they were very skilled in investigating and interviewing and, in light of that fact, he did not know how to respond to their questions. He stated that he was unsure what the result would be if he answered either yes or no to their questions. The State attempts to characterize Defendant's answers as an admission because they were not a direct denial. However, we agree with the trial court's assessment that Defendant's answers were ambiguous and are not evidence that would lead to a conclusion that Defendant was or was not guilty of the offenses as charged. Therefore, we conclude that there was no abuse of discretion on the part of the trial court in granting the motion to suppress.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

_____
JERRY L. SMITH, JUDGE